J-S84018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                      :             PENNSYLVANIA
                                      :

             v.                      :

QUINZEL SMITH                :

            Appellant        :     No. 2790 EDA 2016

Appeal from the Judgment of Sentence April 26, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0003774-2014,
CP-51-CR-0008432-2014

BEFORE:  BENDER, P.J.E., OTT, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OTT, J.:                   **FILED APRIL 29, 2019**

Quinzel Smith appeals from the judgment of sentence imposed on April 26, 2016, in the Court of Common Pleas of Philadelphia County, following his jury convictions of possession of an instrument of crime with intent, two counts of robbery — fear of immediate serious bodily injury, and two counts of conspiracy.[1]  On appeal, Smith claims his convictions were against the weight and sufficiency of the evidence; he also challenges the discretionary aspects of his sentence.  For the reasons discussed below, we affirm.

We take the underlying facts and procedural history in this matter from the trial court's January 8, 2018 opinion.

---

[1] 18 Pa.C.S.A. §§ 907(a), 3701(a)(1)(ii), and 903, respectively.

On March 3, 2014, at approximately 10:00 p.m., Mr. David Engel departed a trolley on 47th Street and Woodland Avenue and began walking toward his house on 47th Street and Chester Avenue in Philadelphia, Pennsylvania. Mr. Engel was walking with his cell phone in his hand, his briefcase, and a bag of Trader Joe's groceries. At this time, one block south of Chester Avenue, Mr. Engel looked up and saw three individuals at the comer of 47th Street and Kingsessing Avenue. Two of the men were on the west side of this intersection and the other one was on the east side. When Mr. Engel reached the comer of Kingsessing Avenue, the three individuals, in concert, ran towards Mr. Engel. Before approaching Mr. Engel, they placed masks over their faces. One of the individuals pulled out a gun and pointed it in the direction of Mr. Engel. The three individuals took Mr. Engel's cell phone, wallet, keys, briefcase, and groceries. His wallet contained cash, credit cards, driver's license, work ID, a photograph of his daughter, receipts, and a blank check.

After items were taken, the three individuals ran off westbound on Kingsessing Avenue. Mr. Engel then ran home and rang the doorbell until his wife answered. At that time, he immediately grabbed his wife's phone and called the police. When police arrived, they drove Mr. Engel around the neighborhood to see if he could identify anyone that fit the description of the suspects. He was then brought to the police precinct and provided a statement. Mr. Engel described the suspects as three young African-American males at a height of at least six-feet and two inches, with the exception of one individual who was described as six-feet and four-to-five inches tall. Mr. Engel further described the suspects with a light build, each under 200 pounds. When Mr. Engel was asked, during his statement, whether he would be able to identify the suspects, he explained that he didn't think he would be able to recognize them.

On March 9, 2014, around 10 p[.]m[.], Mr. Dongjie Ji and his wife, Ran Liu, were waiting for the bus at the corner of 45th Street and Spruce Street in Philadelphia. At that time, they were using their cell phones and saw two other individuals come close to them from behind. These two individuals then asked the victims for their stuff, while [Smith] pointed a silver gun at Dongjie Ji's chest. Dongjie Ji gave the two individuals around $30.00 and [a] cell phone, and his wife gave her purse, which contained around $40[.00], and [a] cell phone. The victims then reported the robbery to the police that evening.

On March 11, 2014, Officer Russell Valenza was assigned basic patrol from Baltimore Avenue to Woodland Avenue, in between 45th to 49th Streets. Officer Valenza was instructed to work in plain clothes because of numerous robberies reported in the area. When walking northbound on 47th Street approaching Springfield Avenue, Officer Mitchell[2] and Officer Valenza observed a male who fit the description for a robbery from the night before. When traveling west from 48th Street, the described suspect came behind Officer Valenza and stuck a silver handgun to the right side of the officer's head and requested him to "give it up." At that time, Officer Valenza hit the gun from the suspect's hand and subdued him until he was placed in handcuffs. The male was later identified as David Tingle.

Mr. Tingle was arrested that night, March 11, 2014, and provided statements admitting his involvement in multiple robberies, including the robbery of the plain clothed police officer, Officer Valenza, and the robbery of the "Chinese girl," Ran Liu, at 4500 Spruce Street. At the time, Mr. Tingle was in possession of Ran Liu's white cell phone, which he told police "was taken from the Chinese girl and given to him by his cousins." Mr. Tingle also implicated his cousins, Dashaan Smith and [Smith], and told police that he lived at 4932 Kingsessing Avenue along with his cousins, which prompted police officers to execute a search warrant. When officers searched the residence on March 15, 2014, they discovered a motorcycle mask, a couple of cell phones, Mr. Engel's briefcase, Otter Box cell phone case, wallet with no cash or credit cards, but driver's license still in the wallet, and other items, including the very same grocery bag he was carrying from the night he was robbed.

On March 15, 2014, Officer Craig Fife and Detective Antonini went to Mr. Engel's home to conduct photo arrays. At this time, Mr. Engel immediately identified Mr. Dashaan Smith and [Smith] as the suspects from the night he was robbed, as well as each individual's role in the robbery. On March 20, 2014, victim Dongjie Ji spoke to detectives and reviewed photo arrays. A judge then told Dongjie Ji that he had to go to a lineup. The lineup occurred on May 7, 2014[,] and both Dongjie Ji and Ran Liu were present for the lineups. During the lineup, Ran Liu positively

---

[2] Officer Mitchell's first name does not appear in the certified record.

identified Dashaan Smith and Dongjie Ji positively identified [Smith].

\* \* \* \*

On March 15, 2014, [Smith] was arrested and charged with, among others, [r]obbery — [i]nflicting [s]erious [b]odily [i]njury (18 Pa.C.S.A. § 3701 (a)(1)), [p]ossession of an [i]nstrument with [c]riminal [i]ntent (18 Pa.C.S.A. § 6108), and [c]riminal [c]onspiracy (18 Pa.C.S.A. § 903). Following a preliminary hearing held on April 1, 2014, all charges were held for court. By information filed on April 10, 2014, [r]obbery — [i]nflicting [s]erious [b]odily [i]njury was changed to [r]obbery — [t]hreat of [i]mmediate [s]erious [i]njury. On February 10, 2016, [Smith] pled not guilty to all charges brought against him and trial began after [Smith] chose to be tried by jury. On February 12, 2016, a jury verdict at the trial court found [Smith] guilty of robbery — fear of immediate serious bodily injury against victim Dongjie Ji, robbery — fear of immediate serious bodily injury against victim Ran Liu, possession of an instrument of crime with intent, and two counts of criminal conspiracy. However, [Smith] was found not guilty for charges of robbery with fear of immediate serious bodily injury and possession of an instrument [of crime] against victim David Engel.

On April 26, 2016, [Smith] was sentenced to 10 to 20 years on CP-51-3774-2014. On CP-51-CR-8432-2014, [Smith] was sentenced to 10 to 20 years for robbery in the first degree, 10 to 20 years for conspiracy in the first degree, and 10 to 20 years for the second charge of robbery. All sentences imposed on CP-51-CR-8432-2014 were to run concurrent with each other, but consecutive to the sentence imposed on CP-51-CR-3774-2014. The total aggregate sentence of both matters for [Smith] was 20 to 40 years. The [trial court] did not impose further penalty for possession of an instrument of crime.

On April 27, 2016, [Smith] moved for [r]econsideration of [s]entence. On August 11, 2016, [Smith] filed a petition for post-

conviction relief.[3]  [Smith's] [p]ost-[s]entence [m]otion was denied by operation of law[4] and a [n]otice of [a]ppeal to the Superior Court was filed on behalf of [Smith] on August 30. 2016.[5] That same day, Mark A. Hinrichs, counsel for [Smith], filed a [m]otion to [w]ithdraw as [c]ounsel, which was subsequently approved by the [trial court].  On September 2, 2016, the [trial c]ourt appointed Daniel A. Alvarez, Esq., to represent [Smith] in his appeal. . . . On January 14, 2017, [Smith] filed a concise statement of matters complained of on appeal.  [On January 8, 2018, the trial court filed an opinion.]

Trial Court Opinion, 1/08/2018, at 1-5 (record citations omitted).

In his first issue, Smith complains that the verdict was against the

weight of the evidence because:

David Tingle and other unknown males were the doers, and where complainant David Engel did not identify [Smith] at trial and

_____

[3] 42 Pa.C.S.A. §§ 9541-9546.  We note that, despite being represented by counsel, Smith filed the PCRA petition *pro se*.  In addition, as Smith's judgment of sentence was not yet final, the petition was premature.

[4] Smith filed his motion for reconsideration of sentence to both case numbers.  However, in what appears to be a clerical error, the order denying it by operation of law only lists case number CP-51-CR-3774-2014, and not case number CP-51-CR-8432-2014.  However, it is apparent that the trial court intended to deny the motion in both cases by operation of law.  In the interest of judicial economy we will regard as done what ought to have been done and deem the motion for reconsideration in case number CP-51-CR-8432-2014 as denied by operation of law.  *See Zitney v. Appalachian Timber Products, Inc.*, 72 A.3d 281, 285 (Pa. Super. 2013).

[5] Smith's notice of appeal lists both docket numbers.  *See* Notice of Appeal, 8/30/2016.  In June of 2018, the Pennsylvania Supreme Court in *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018), held that "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed.  The failure to do so will result in quashal of the appeal."  *Id.* at 977 (footnote omitted).  Nevertheless, the *Walker* Court specifically announced that the court should apply its decision prospectively only.  *See id.*  Therefore, because Smith filed the notice of appeal in the present case before *Walker*, we need not quash this appeal.

where another complainant did not identify [Smith] at a pretrial lineup, and where the doers wore masks making identification impossible, and where there was no DNA, fingerprints, or any scientific evidence tying [Smith] to the robberies[.]

Smith's Brief, at 7. However, Smith has waived this claim.

[A] challenge to the weight of the evidence must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing. Pa.R.Crim.P. 607(A)(1)-(3). "The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." Comment to Pa.R.Crim.P. 607. If an appellant never gives the trial court the opportunity to provide relief, then there is no discretionary act that this Court can review. ***Commonwealth v. Thompson***, 93 A.3d 478, 491 (Pa. Super. 2014).

***Commonwealth v. Jones***, 191 A.3d 830, 834-835 (Pa. Super. 2018) (footnotes omitted). Further, a party cannot raise an issue for the first time in a Rule 1925(b) statement. ***Commonwealth v. Watson***, 835 A.2d 786, 791 (Pa. Super. 2003). ("Moreover, [a] party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order.") (citation omitted). Accordingly, we find that because Smith did not raise the claim in his post-sentence motion and raised the issue for the first time in his Rule 1925(b) statement, he waived his weight of the evidence claim.

In his second issue, Smith claims that the evidence was insufficient to sustain the verdict because the evidence did not connect Smith to the robberies. Smith's Brief at 7. Specifically, Smith maintains that the identifications made by Engel and Ji were "incredible stabs in the dark." ***Id.*** at 16. We disagree.

Our standard of review of a sufficiency claim is well settled:

Our standard for evaluating sufficiency of the evidence is whether the evidence, viewed in the light most favorable to the Commonwealth [as verdict winner], is sufficient to enable a reasonable [factfinder] to find every element of the crime beyond a reasonable doubt. [T]he entire trial record must be evaluated and all evidence actually received must be considered, whether or not the trial court's rulings thereon were correct. Moreover, [t]he Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Finally, the trier of fact, while passing upon the credibility of witnesses and the weight to be afforded the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Shull*, 148 A.3d 820, 844 (Pa. Super. 2016) (citation omitted).

Regarding the sufficiency of evidence of identification, the Pennsylvania Supreme Court has instructed:

Proof beyond a reasonable doubt of the identity of the accused as the person who committed the crime is essential to a conviction. The evidence of identification, however, needn't be positive and certain in order to convict, although any indefiniteness and uncertainty in the identification testimony goes to its weight.

*Commonwealth v. Hickman*, 309 A.2d 564, 566 (Pa. 1973) (citations omitted). We have held that a single, positive identification by one eyewitness is enough to sustain a conviction. *Commonwealth v. Trinidad*, 96 A.3d 1031, 1038 (Pa. Super. 2014) (citations omitted), *appeal denied*, 99 A.3d 925 (Pa. 2014).

Based on our review, we conclude that Smith's claim that the evidence was insufficient to prove he was the perpetrator warrants no relief. Smith

seeks to have this Court review the evidence in the light most favorable to him. However, our standard of review requires us to view the evidence in the light most favorable to the verdict-winner, the Commonwealth. **See Shull**, **supra**. Here, while Engel did not make an in-court identification of Smith, he positively identified him as one of the robbers from a photo array on March 15, 2014. N.T. Trial, 2/10/2016, at 43-44. Ji identified Smith in a pre-trial line-up and made an in-court identification of Smith as one of the robbers. N.T. Trial, 2/11/2016, at 25, 51-54. Further, while Liu did not testify at trial, the parties stipulated that she had identified Smith from a photo array on March 20, 2014, as one of the men who robbed her. **Id.** at 72. Moreover, there was overwhelming circumstantial evidence that Smith was one of the perpetrators, including the fact that the police recovered Engel's possessions from Smith's home; Tingle's statement to the police implicating Smith in the robbery; and Tingle's possession at the time of arrest of Liu's cell phone, which he told police that Dashaan Smith and Smith gave him. N.T. Trial, 2/10/2016, at 57-62; N.T. Trial, 2/10/2016, at 5-6. **Accordingly**, Smith's sufficiency claim fails. **See Trinidad**, **supra**.

In his final claim, Smith challenges the discretionary aspects of his sentence. Smith's Brief, at 21-26. After review, we find his claim lacks merit.

The principles that guide our review are as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather,

the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal. An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence.

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

> \* \* \* \*

A substantial question will be found where an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process. At a minimum, the Rule 2119(f) statement must articulate what particular provision of the code is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm.

*Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014) (citations omitted), *appeal denied*, 117 A.3d 297 (Pa. 2015).

Here, Smith preserved his discretionary aspects of sentencing challenge by filing a motion to modify sentence within 10 days of sentencing, and a timely appeal. *See* Pa.R.Crim.P. 720(A). Smith has also included in his brief a concise statement pursuant to Pa.R.A.P. 2119(f). *See* Smith's Brief at 21.

The only remaining question is whether Smith has raised a substantial question.

Initially, we note that the trial court sentenced Smith, as a second-strike offender, to a mandatory minimum sentence. **See** N.T. Sentencing, 4/26/2016, at 34-35; Trial Ct. Op., at 15. To the extent that Smith challenges the discretionary aspects of sentence solely based upon the claim that the trial court imposed a mandatory minimum sentence, we have held that such an argument is frivolous. **Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa. Super. 2007) (holding that challenge to discretion of mandatory minimum sentence imposed because defendant was second strike offender was frivolous), *appeal denied*, 936 A.2d 40 (Pa. 2007).

Smith also claims that his sentence is manifestly excessive due to the trial court ordering the sentences on CP-51-CR-0003774-2014 and CP-51-CR-0008432-2014 to run consecutively. With regard to such a claim, this Court has stated:

> . . . that the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court. Long standing precedent of this Court recognizes that 42 Pa.C.S.A. § 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. A challenge to the imposition of consecutive rather than concurrent sentences does not present a substantial question regarding the discretionary aspects of sentence. We see no reason why [a defendant] should be afforded a volume discount for his crimes by having all sentences run concurrently.
>
> However, we have recognized that a sentence can be so manifestly excessive in extreme circumstances that it may create

a substantial question. When determining whether a substantial question has been raised, we have focused upon whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct in this case.

*Zirkle*, *supra* at 133-134 (quotation marks and citations omitted). Finally, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code. *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) (citation omitted).

Here, the trial court imposed the mandatory minimum on all of Smith's sentences. Given that Smith faced a possible maximum sentence of 30 to 60 years' incarceration on the robbery and conspiracy charges for two separate robberies and three victims, the aggregate sentence of 20 to 40 years' imprisonment is not unduly harsh nor manifestly excessive. Accordingly, this issue does not raise a substantial question.

Next, Smith claims his aggregate sentence is manifestly excessive because the trial court failed to consider mitigating circumstances, *i.e.*, his "great remorse," family support, his age (23 years old), mental health issues, and difficult childhood. Smith's Brief, at 24-25. This claim also fails to raise a substantial question. *See Moury*, 992 A.2d at 171 ("An allegation that the sentencing court failed to consider certain mitigating factors generally does not necessarily raise a substantial question."). In any event, we note that the court had the benefit of a pre-sentence investigation report. "Where pre-

sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988).

Lastly, Smith claims that the trial court improperly punished him for exercising his right to a jury trial. Smith's Brief, at 24. However, Smith waived this claim because he did not raise it below.

Here, while Smith did file a post-sentence motion for modification of sentence, the only issues challenging the discretionary aspects of sentence concerned the harsh and excessive nature of the sentence and the failure to consider mitigating factors. ***See*** Motion to Reconsider Sentence, 4/27/2016, at unnumbered pages 1-2. We have held that an appellant waives any discretionary aspects of sentence issue not raised in a post-sentence motion; also, an appellant cannot raise an issue for the first time on appeal. ***See*** ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 831 A.2d 599 (Pa. 2003) (finding claim sentencing court did not put sufficient reasons to justify sentence on record waived where issue was not raised in post-sentence motion); ***see also*** Pa.R.A.P. 302(a). Thus, Appellant waived this issue.

In light of the foregoing, Smith is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/29/19