J-S15005-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RASHEED HALL | : | |
| | : | |
| Appellant | : | No. 663 EDA 2021 |

Appeal from the Judgment of Sentence Entered August 21, 2015,
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004943-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RASHEED HALL | : | |
| | : | |
| Appellant | : | No. 664 EDA 2021 |

Appeal from the Judgment of Sentence Entered August 21, 2015,
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004945-2014

BEFORE:  NICHOLS, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY NICHOLS, J.:  **FILED OCTOBER 24, 2022**

In these *nunc pro tunc* appeals,[1] Appellant Rasheed Hall, appeals from

the judgments of sentence entered after a jury found him guilty of multiple

crimes relating to the robbery of Sharday Williams and the shooting of Derrick

---

[1] This Court consolidated Appellant's appeals *sua sponte* pursuant to Pa.R.A.P. 513.  Order, 8/23/21.

Moye.[2]  Appellant purports to challenge the sufficiency of the evidence, and

he claims the trial court abused its discretion by permitting a witness to testify

regarding the discovery of a firearm because the testimony was allegedly more

prejudicial than probative.  We affirm.

The trial court summarized the relevant facts of this case as follows:

On January 30, 2014, at 11:30 p.m., Sharday Williams and her boyfriend Derrick Moye left Moye's residence located on the 2600 block of West Lehigh Avenue.  After taking a few steps towards her car, co-defendant Clinton Brown approached Williams, stole her wallet, and ran away.  Observing the robbery of his girlfriend Williams, Moye chased after co-defendant Brown.  As Moye chased co-defendant, [Appellant] emerged from the front of a nearby bar, struck Moye in the head with a firearm and then fired one shot into Moye's chest.  [Appellant] and co-defendant then fled the scene together on foot, running in the same direction.

Following the shooting, Williams and Moye went to Moye's home, where his mother also resided.  Moye's mother dialed 911, and police and an ambulance arrived shortly thereafter.  Moye was taken to Temple University Hospital.  Police officers then took Williams to Northwest Detectives where she provided a description of [Appellant and co-defendant].  Based upon "flash" information describing [Appellant] and co-defendant, police officers stopped three males who were standing together: [Appellant], co-defendant, and another male.  An hour after the robbery and shooting, [o]fficers then brought Williams to the location where

---

[2] Appellant properly filed separate appeals at each trial court docket.  **See Commonwealth v. Johnson**, 236 A.3d 1141, 1144 (Pa. Super. 2020) (*en banc*), *appeal denied*, 242 A.3d 304 (Pa. 2020); **see also** Pa.R.A.P. 341. However, Appellant purports to appeal from the March 26, 2021 order denying his post-sentence motions that were filed *nunc pro tunc*.  It is well settled that the appeal "properly lies from the judgment of sentence made final by the denial of post-sentence motions."  **Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*) (citation omitted).  Appellant's judgments of sentence were entered on August 21, 2015, and we have corrected the appeal paragraphs accordingly.  **See id.**

officers had the three individuals stopped, and Williams identified [Appellant] and co-defendant as the two males who stole her wallet and shot Moye.

Search incident to their arrests, police recovered two cell phones from [Appellant] and co-defendant. Detectives obtained search warrants for the phones, however, they were unable to access [Appellant's] phone. After obtaining the cell phone number for co-defendant's phone, detectives then obtained search warrants for the subscriber information and call logs for that phone. Detectives determined that co-defendant's contacts included one with the name of "Sheed." The number associated with "Sheed" was [Appellant's] cell phone number. Detectives called the number for "Sheed," and [Appellant's] cell phone rang. Detectives reviewed the call logs and determined that [Appellant] and co-defendant communicated multiple times during the period of January 29, 2014 to January 31, 2014, including two phone calls, roughly eight minutes apart, that occurred just after the robbery and shooting.

Police obtained a warrant to search the property located at 2531 West Oakdale Street, where [Appellant] resided. As part of the search, Detective Leonard Azzarano recovered five .32 caliber rounds, one .40 caliber round, and fourteen .22 caliber rounds from a bowl in the kitchen. Detective Azzarano also recovered one black and one tan jacket from the dining room. Detective Kevin Sloan recovered numerous .45 caliber rounds from inside a suitcase in the middle bedroom of the second floor, along with a dry cleaning receipt, dated 1/28/14, with [Appellant's] name on it and a description of the article of clothing cleaned as one jumpsuit. Shortly after the robbery, police recovered a silver .22 caliber revolver from the 2600 block of Sterner Street, which was approximately one block from the residence of co-defendant Brown.

Hyung Le, a forensic scientist with the Philadelphia Police Office of Forensic Science, testified that there was gunshot residue on the black Dickie jumpsuit worn by [Appellant] and recovered from him the night of his arrest, in particular, on the outside front and back of the right sleeve and cuff.

At a suppression hearing, Williams testified that on the night of the robbery and shooting, she and her boyfriend Moye exited his house. As they were walking toward her car, co-defendant Brown came from her right, snatched her purse and ran off to the left.

As Moye chased after co-defendant, Williams observed [Appellant] step out from in front of the bar that was two houses down, run towards Moye and shoot him in the chest. Williams described [Appellant] as wearing a black hoodie, a black Dickie jacket and blue pants. Williams stated that from the time they exited the house until the shooting occurred was about two minutes.

Detective Wayne Brown testified that he brought Williams to identify three males who had been stopped within an hour of when the shooting occurred. Detective Brown testified that the three males who were detained were standing outside the police car, that it was dark but the streetlights were lit, that Williams was seated in the [d]etective's car no more than 15 [feet] to 20 [feet] away with a clear view of the males, and that Williams positively identified [Appellant] and co-defendant as the two individuals involved in the robbery and shooting. Detective Brown testified that Williams identified [Appellant] by his Dickie outfit or jacket.

Trial Ct. Op., 8/9/21, at 1-4 (formatting altered).

On May 26, 2015, at trial court docket number 4943-2014, the jury found Appellant guilty of aggravated assault, possession of an instrument of crime (PIC), conspiracy to commit aggravated assault, and Violations of the Uniform Firearms Act (VUFA) possession of a firearm by a prohibited person and carrying a firearm without a license.[3] At trial court docket number 4945-2014, the jury found Appellant guilty of robbery and conspiracy to commit robbery.[4] On August 21, 2015, the trial court imposed an aggregate sentence of 198 months to 396 months of incarceration.

---

[3] 18 Pa.C.S. §§ 2702(a)(1), 907, 903, and VUFA §§ 6105(a)(1) and 6106(a)(1), respectively. Also at docket 4943-2014, Appellant entered a guilty plea to one count of possession with intent to deliver a controlled substance in violation of 35 P.S. § 780-113(a)(30).

[4] 18 Pa.C.S. §§ 3701(a)(1)(ii), and 903, respectively.

Appellant filed timely appeals at each trial court docket. After review, this Court concluded that Appellant failed to properly preserve his issues on appeal, found all of Appellant's issues waived, and affirmed the judgments of sentence. **Commonwealth v. Hall**, 2705 EDA 2015, 2017 WL 2829319, at *3 (Pa. Super. filed June 30, 2017) (unpublished mem.). Thereafter, Appellant filed a timely pro se Post Conviction Relief Act[5] (PCRA) petition. The PCRA court appointed counsel, and Appellant filed an amended PCRA petition on March 19, 2020, and a second amended PCRA petition on November 19, 2020. In his second amended PCRA petition, Appellant asserted that prior counsel was ineffective and requested the reinstatement of his post-sentence motion and direct appeal rights nunc pro tunc. On November 20, 2020, the PCRA court granted Appellant's second amended PCRA petition and reinstated Appellant's post-sentence motion and direct appeal rights nunc pro tunc.

On November 21, 2020, Appellant filed post-sentence motions nunc pro tunc. The trial court denied Appellant's post-sentence motions, and Appellant filed an appeal nunc pro tunc at each trial court docket. Appellant's appeal at 4945-2014 was assigned Superior Court docket 664 EDA 2021, and the appeal at trial court docket 4943-2014 was assigned Superior Court docket 663 EDA 2021.

After Appellant filed his counseled nunc pro tunc direct appeals, Appellant filed a petition to proceed pro se and requested a hearing pursuant

---

[5] 42 Pa.C.S. §§ 9541-9546.

to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998). On June 3, 2021, this Court remanded this matter to the trial court for a ***Grazier*** hearing at both 663 EDA 2021 and 664 EDA 2021. On July 9, 2021, the trial court held a ***Grazier*** hearing and concluded that Appellant properly waived his right to counsel, vacated the appointment of counsel, and permitted Appellant to proceed *pro se* at both dockets. As noted, these appeals were consolidated *sua sponte*, and the trial court filed its opinion on August 9, 2021.[6]

While Appellant was proceeding *pro se* in the instant appeal, Justin C. Capek, Esquire, (Counsel) entered his appearance on behalf of Appellant on June 29, 2022. Counsel filed an application to strike Appellant's *pro se* brief and a request for an extension of time to file a corrected Rule 1925(b) statement. In an order filed on July 18, 2022, this Court granted the application to strike Appellant's *pro se* brief, denied the request to file a corrected Rule 1925(b) statement and request for an extension of time in

---

[6] Appellant was permitted to proceed *pro se* on July 9, 2021, following the ***Grazier*** hearing, and Appellant filed his *pro se* Rule 1925(b) statement that same day at both trial court dockets. The trial court filed its Rule 1925(a) opinion on August 9, 2021. On September 14, 2021, Appellant filed a *pro se* motion in this Court requesting that we remand for the trial court to address the issue Appellant raised in his Rule 1925(b) statement. However, the only issue Appellant raised in his Rule 1925(b) statement was a challenge to the sufficiency of the evidence for his convictions for robbery and aggravated assault, which the trial court addressed in its August 9, 2021 opinion. This Court denied Appellant's motion for remand on October 5, 2021.

which to file a new Rule 1925(b) statement,[7] and permitted Appellant to file an amended counseled brief within thirty days. Appellant timely filed his amended brief on August 9, 2022, and the Commonwealth timely filed its amended brief on September 8, 2022.

In his amended brief, Appellant presents the following issues:

1. Whether the evidence presented at trial was insufficient to sustain the verdicts of guilty for the crimes of aggravated assault, VUFA §§ 6105 & 6106, possession of an instrument of crime, and conspiracy to commit aggravated assault?

2. Whether the trial court abused its discretion by permitting Ms. Gloria Mitchell to testify to the discovery of a firearm when the probative value of her testimony did not substantially outweigh the prejudice to [Appellant] at trial?

Appellant's Am. Brief at 3 (formatting altered).

Before we reach the merits of Appellant's claims, we must first address whether Appellant properly preserved these issues. In Appellant's *pro se* July 9, 2021 Rule 1925(b) statement, he challenged the sufficiency of the evidence concerning his convictions for robbery and aggravated assault. **See** Rule 1925(b) Statement, 7/9/21. As stated previously, after the **Grazier** hearing where Appellant was permitted to proceed *pro se* and after the appellate briefs were filed in this matter, Counsel entered his appearance for Appellant, and

---

[7] In its amended brief, the Commonwealth incorrectly states that the July 18, 2022 order of this Court granted Appellant's request to file a corrected Rule 1925(b) statement. Commonwealth's Am. Brief at 6. In fact, this Court in its July 18, 2022 order granted the application to strike Appellant's *pro se* brief and permitted Appellant's counsel to file an amended counseled brief. **See** Order, 7/18/22 at 1-2. However, this Court denied Appellant's application to file a corrected Rule 1925(b) statement. **See id.** at 2.

he filed a request to strike Appellant's *pro se* brief and a request to file a corrected Rule 1925(b) statement and an extension of time in which to file the new Rule 1925(b) statement. Although we granted Appellant's application to strike the *pro se* brief and permitted Appellant's counsel to file an amended brief, this Court denied Appellant's request to file a new Rule 1925(b) statement. However, in his counseled amended brief, Appellant argues issues that were not raised in his *pro se* July 9, 2021 Rule 1925(b) statement, namely the lack of sufficiency of the evidence for the crimes of aggravated assault, conspiracy to commit aggravated assault, VUFA §§ 6105 and 6106, and PIC, based on vague, tenuous, uncertain, and prejudicial witness testimony from one of the victims, Sharday Williams, concerning his identification as a perpetrator, and the discovery of a firearm. Further, Appellant challenges the sufficiency of the evidence based on the lack of corroborating ballistic evidence for the gunshot primer residue, and he claims the trial court abused its discretion by admitting testimony from Gloria Mitchell, the person who discovered the firearm in the snow a few blocks away from the shooting, was more prejudicial than probative. **See** Appellant's Am. Brief at 3, 13, 18, 19, 20-23; Rule 1925(b) Statement, 7/9/21.

It is well settled that only issues properly raised in a timely Rule 1925(b) statement are preserved for appellate review. **See Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005) (holding that issues not raised in a Rule 1925(b) statement will be deemed waived for appellate review); **see also** Pa.R.A.P. 1925(b)(4)(vii) (stating that "[i]ssues not included in the

Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived"), 302(a) (providing that issues may not be raised for the first time on appeal).

In the argument section of his counseled amended brief, Appellant asserts that the evidence was insufficient to prove him guilty of aggravated assault beyond a reasonable doubt based on the insufficiency of the identification evidence and gunshot residue evidence, not lack of proof of serious bodily injury. *See* Appellant's Am. Brief at 13-20. In contrast, in his *pro se* Rule 1925(b) statement, Appellant asserted that the evidence was insufficient for aggravated assault because the Commonwealth allegedly failed to prove serious bodily injury. Notably, Appellant did not challenge the sufficiency of his conspiracy to commit aggravated assault conviction in his *pro se* Rule 1925(b) statement. Appellant also challenged the sufficiency of his robbery conviction in his Rule 1925(b) statement, which was not argued in his counseled amended brief. *See* Rule 1925(b) Statement, 7/9/21. Because the issues Appellant now argues were not raised in his Rule 1925(b) statement, we are constrained to conclude that Appellant's sufficiency claims for aggravated assault and conspiracy to commit aggravated assault are waived. Additionally, Appellant did not include any sufficiency of the evidence claims in his *pro se* 1925(b) statement concerning the PIC nor VUFA offenses, therefore, the instant sufficiency claims for these offenses are also waived. Further, we agree with the Commonwealth that Appellant's claims that the identification testimony from one of the victims, Sharday Williams, and the

ballistics experts' testimony were vague, tenuous, uncertain, and prejudicial is tantamount to an attack on the credibility of these witnesses which is an improper basis to establish a sufficiency of evidence claim. Commonwealth's Am. Brief at 8. Therefore, Appellant's claims fail even if there were not waived. *See Commonwealth v. Griffin*, 65 A.3d 932, 939 (Pa. Super. 2013); *Commonwealth v. Gibbs*, 981 A.2d 274, 281-82 (Super. 2009). Additionally, Appellant did not assert any of these theories nor a challenge to the admissibility of Gloria Mitchell's testimony, the individual who found the firearm on the ground a few days after the incident, in his Rule 1925(b) statement.

Our review concludes that the waiver of all of Appellant's sufficiency claims is appropriate because his Rule 1925(b) statement did not state the specific elements for offenses that Appellant now alleges the Commonwealth failed to prove at trial, and further, his counseled amended brief asserts theories different from those raised in his Rule 1925(b) statement. *See Castillo*, 888 A.2d at 780; *see also Commonwealth v. Jones*, 191 A.3d 830, 834-35 (Pa. Super. 2018) (finding a challenge on appeal under theory different from that raised in the Rule 1925(b) statement waived because the trial court did not have an opportunity to review it); *Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa. Super. 2013) (stating "in order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." (citation

omitted)); ***Commonwealth v. Ryan***, 909 A.2d 839, 845 (Pa. Super. 2006) (providing that "[a] theory of error different from that presented to the trial jurist is waived on appeal, even if both theories support the same basic allegation of error which gives rise to the claim for relief." (quoting ***Commonwealth v. Gordon***, 528 A.2d 631, 638 (Pa. Super. 1987)); Pa.R.A.P. 1925(b)(4)(vii), 302(a). Likewise, Appellant's claim concerning the admissibility of Gloria Mitchell's testimony was not raised in his Rule 1925(b) statement.[8] ***See Castillo***, 888 A.2d at 780. For these reasons, we conclude that Appellant has waived the issues he presents on appeal, therefore, we affirm the judgments of sentence.[9]

Judgments of sentence affirmed.

---

[8] To clarify and distinguish Appellant's attempts to challenge the testimony of Sharday Williams and Gloria Mitchell, we note that in his amended brief, Appellant for the first time asserts that Sharday Williams' testimony failed to establish the Appellant's identity as the shooter, and this claim was not presented in Appellant's Rule 1925(b) statement. However, Appellant's challenge with respect to Gloria Mitchell's testimony, is that the trial court abused its discretion in admitting her testimony. This issue was not raised in Appellant's Rule 1925(b) statement and is therefore, waived.

[9] In any event, were we to reach the merits of Appellant's challenge to the sufficiency of the evidence underlying his convictions, we would affirm based on the trial court's opinion. ***See*** Trial Ct. Op., 8/9/21.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/24/2022</u>