J-S04015-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                              :             PENNSYLVANIA
                                                :

          v.                           :
                                                :

ANDREW MCCORMICK                 :
                                                :

          Appellant                :     No. 1033 EDA 2022

Appeal from the Judgment of Sentence Entered March 15, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0008465-2019

BEFORE:   MURRAY, J., KING, J., and PELLEGRINI, J.*

MEMORANDUM BY MURRAY, J.:                **FILED APRIL 12, 2023**

Andrew McCormick (Appellant) appeals from the judgment of sentence imposed after the trial court convicted him of aggravated assault, possession of an instrument of crime, simple assault, and recklessly endangering another person.[1]  We affirm.

The trial court recounted the facts presented at trial as follows:

On September 25, 2019, Felicia Giles (hereinafter "Ms. Giles") testified that she called the police to have her cousin, Appellant, removed from their grandmother's home at 5355 Thomas Ave, Philadelphia, PA[; the police informed Ms. Giles that] a restraining order was required.  Notes of Testimony (hereinafter "N.T."), Waiver Trial, 11/08/21.  Ms. Giles then called both her brother, James Giles (hereinafter "Mr. Giles"), and her boyfriend, Shalon Kirkland (hereinafter "Mr. Kirkland"), requesting their help in transporting her grandmother, Vivian Murray (homeowner), to

---

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a), 907(a), 2701(a), and 2705.

secure a restraining order to evict Appellant. *Id.* Mr. Giles and Mr. Kirkland arrived [at] the address separately, but simultaneously. *Id.* Upon arrival, Mr. Kirkland informed Mr. Giles of his intent to fight the Appellant[.] *Id.*

When the Appellant learned Mr. Kirkland was going to fight him, the Appellant retreated to an upstairs bedroom and closed the door behind him. *Id.* Mr. Kirkland continued after the Appellant[,] who then emerged from the bedroom with a knife in his hand. *Id.* The fight between the Appellant and Mr. Kirkland began in the stairwell leading from the living room to the upper floor. *Id.* All four individuals were involved in the first altercation on the stairwell: Appellant at the top of the stairs with Ms. Giles and Mr. Giles on the middle steps attempting to separate Mr. Kirkland on the lower landing from the Appellant. *Id.* Mr. Kirkland managed to punch [Appellant] multiple times in the face. Appellant responded by swinging his knife towards Mr. Kirkland, resulting in the Appellant haphazardly and inadvertently stabbing Mr. Giles in the forearm. *Id.* [] Appellant became enraged by this mistake and yelled[,] "you made me hit my cousin." *Id.* at p. 72, Line 1.

Ms. Giles encouraged Mr. Kirkland to leave, and he subsequently exited the house, but he taunted Appellant to continue the fight outside. *Id.* Once outdoors, the Appellant chased Mr. Kirkland around a parked car. *Id.* Appellant was still in possession of the knife and eventually managed to stab Mr. Kirkland in the upper lip, slice his tongue in two, and effectively knock out multiple teeth, leaving blood splatters on the car. *Id.* Immediately after stabbing Mr. Kirkland in the face, the Appellant fled the area. *Id.* On September 27, 2019, Appellant [] turned himself in to the police and was arrested. *Id.*

Trial Court Opinion, 7/29/22, at 1-2.

The Commonwealth charged Appellant, at two separate dockets, with crimes related to the assaults on Mr. Giles and Mr. Kirkland. Following a November 8, 2021, bench trial, the trial court acquitted Appellant of all charges relating to Mr. Giles, while convicting Appellant of the above charges relating to Mr. Kirkland. On March 15, 2022, the trial court sentenced

Appellant to an aggregate 4 – 8 years in prison, with credit for time-served. This timely appeal followed.[2]

Appellant presents two issues for review:

1. Whether the trial court abuse[d] its discretion in failing to grant a new trial because the verdict was against the weight of the evidence?

2. Whether the trial court abuse[d] its discretion or erred in finding [Appellant] guilty when the evidence was insufficient to sustain the verdict because the Commonwealth failed to disprove beyond a reasonable doubt [Appellant's] self-defense claim?

Appellant's Brief at 6.

In his first issue, Appellant claims the verdict was against the weight of the evidence because "witnesses gave less than credible testimony[.]" *Id.* at 15. Appellant specifically contends the trial court erred in crediting the testimony of Ms. Giles, Mr. Giles, and Mr. Kirkland; the three witnesses testified that Appellant stabbed Mr. Kirkland after following him outside. Appellant's Brief at 22-27; *see also* N.T., 11/8/21, at 37-41; 73-74; 103-05. Appellant maintains the trial court should have credited Appellant's testimony that he acted in self-defense in stabbing Mr. Kirkland inside the home. Appellant's Brief at 26-27; N.T., 11/8/21, at 145-46, 173.

The Commonwealth argues Appellant waived his weight claim because although Appellant "asserts that he filed a 'post-trial motion' after the trial, but before the sentencing, [] this alleged motion does not appear in the record

---

[2] Appellant and the trial court complied with Pa.R.A.P. 1925.

- 3 -

or on the docket." Commonwealth Brief at 6. In the alternative, the Commonwealth avers Appellant's "argument the court erred by not crediting [Appellant's] testimony over that of three witnesses and photographic evidence establishing his guilt would not entitle him to relief." *Id.*

"A weight of the evidence claim concedes that the evidence is sufficient to sustain the verdict but seeks a new trial on the grounds that the evidence was so one-sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice." *In re A.G.C.*, 142 A.3d 102, 109 (Pa. Super. 2016) (citation omitted). "Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence." *Commonwealth. v. Widmer*, 744 A.2d 745, 753 (Pa. 2000) (citation omitted).

> Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination of whether the verdict is against the weight of the evidence.

*Id.* (citation omitted). This standard applies even when the trial court is the finder of fact. *See Commonwealth v. Konias*, 136 A.3d 1014, 1022 (Pa. Super. 2016) (reviewing trail court's exercise of discretion in weight claim arising from a non-jury verdict).

> A challenge to the weight of the evidence
>
> must be preserved either in a post-sentence motion, **by a written motion before sentencing**, or orally prior to sentencing. Pa.R.Crim.P. 607(A)(1)-(3). "The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be

raised with the trial judge or it will be waived." Comment to Pa.R.Crim.P. 607. If an appellant never gives the trial court the opportunity to provide relief, then there is no discretionary act that this Court can review. *Commonwealth v. Thompson*, 93 A.3d 478, 491 (Pa. Super. 2014).

*Commonwealth v. Jones*, 191 A.3d 830, 834-35 (Pa. Super. 2018) (footnotes omitted, emphasis added).

Appellant claims he filed a post-trial motion challenging the weight of the evidence on February 16, 2022. Appellant's Brief at 22. This motion is not listed on the docket or contained in the certified record. However, Appellant argued a motion for extraordinary relief immediately prior to sentencing. Appellant emphasized the insufficiency of the evidence, but stated "there was no credible evidence … [Appellant] stabbed Mr. Kirkland outside." N.T., 3/15/22, at 4-5; *see also id.* at 4-21. As this statement is the crux of Appellant's weight argument, we decline to find waiver.

In rejecting Appellant's argument, the trial court explained:

The verdict was not so contrary to the evidence as to shock one's sense of justice. Though Mr. Kirkland initiated the first fight inside [] home, witnesses testified that Mr. Kirkland exited the property before the second altercation, but Appellant followed Mr. Kirkland outside. N.T., Waiver Trial, 11/08/21. The weight of the evidence shows Appellant relinquished the opportunity to retreat. *Id.* The majority of witnesses, including Mr. Giles, testified that Appellant and Mr. Kirkland were outside the property during the [] stabbing. *Id.* Mr. Giles testified that Appellant was "running around the car," "behind [Mr. Kirkland]." *Id.* p. 73 at Lines 6-7, 18-19. Additionally, there was photo evidence of blood splatters on the interior of the car door, indicating that Mr. Kirkland was stabbed outside by the car. Commonwealth's Exhibit 4D. The corroboration of testimonial and physical evidence demonstrates the Appellant's claim lacks merit and the [c]ourt's verdict should not be disturbed.

Trial Court Opinion, 7/29/22, at 5.

The trial court credited the Commonwealth witnesses' testimony that Appellant pursued Mr. Kirkland and stabbed him outside the home; the trial court rejected Appellant's testimony that he remained in the home and stabbed Mr. Kirkland in self-defense. ***See id.*** As factfinder, the trial court, "while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." ***Commonwealth v. Roberts***, 133 A.3d 759, 767 (Pa. Super. 2016). Thus, the trial court acted within its discretion in finding the verdict was not contrary to the weight of the evidence. Appellant's first issue does not merit relief.

In his second issue, Appellant challenges the sufficiency of the evidence. When reviewing a sufficiency challenge, we determine "whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all elements of the offense beyond a reasonable doubt." ***Commonwealth v. May***, 887 A.2d 750, 753 (Pa. 2005) (citation omitted). "Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." ***Commonwealth v. Miller***, 172 A.3d 632, 640 (Pa. Super. 2017) (citation omitted). "In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder." ***Id.***

Appellant's argument regarding sufficiency is identical to his argument regarding the weight of the evidence. Appellant's Brief at 27; *see id.* at 20-27. Appellant maintains the trial court improperly credited the Commonwealth witnesses who testified that Appellant stabbed Mr. Kirkland after pursuing him outside. *Id.* at 27. Appellant provides no additional argument to support his claim that he was defending himself when he stabbed Mr. Kirkland. Thus, Appellant's claim goes to the weight, not the sufficiency of the evidence. *See Commonwealth v. W.H.M., Jr.*, 932 A.2d 155, 160 (Pa. Super. 2007) (finding claim that jury should not have believed the victim's version of events goes to the weight of the evidence, not sufficiency).

Furthermore,

a claim of self-defense (or justification, to use the term employed in the Crimes Code) requires evidence establishing three elements: (a) [that the defendant] reasonably believed that he was in imminent danger of death or serious bodily injury and that it was necessary to use deadly force against the victim to prevent such harm; (b) that the defendant was free from fault in provoking the difficulty which culminated in the slaying; and (c) that the [defendant] did not violate any duty to retreat. Although the defendant has no burden to prove self-defense ... before the defense is properly in issue, there must be some evidence, from whatever source, to justify such a finding. Once the question is properly raised, the burden is upon the Commonwealth to prove beyond a reasonable doubt that the defendant was not acting in self-defense. The Commonwealth sustains that burden of negation if it proves any of the following: [1] that the [defendant] was not free from fault in provoking or continuing the difficulty which resulted in the [injury]; [2] that the [defendant] did not reasonably believe that he was in imminent danger of death or great bodily harm, and that it was necessary to kill in order to save himself therefrom; or [3] that the [defendant] violated a duty to retreat or avoid the danger.

*Commonwealth v. Mouzon*, 53 A.3d 738, 740-41 (Pa. 2012) (citations omitted; some brackets in original); *see also* 18 Pa.C.S.A. § 505 (use of force in self-protection). "If the Commonwealth establishes any one of these three [negation] elements beyond a reasonable doubt, then the conviction is insulated from a defense challenge to the sufficiency of the evidence where self-protection is at issue." *Commonwealth v. Burns*, 765 A.2d 1144, 1149 (Pa. Super. 2000) (citation omitted).

As the trial court explained,

this case involves two separate incidents between Appellant and Mr. Kirkland. In the first incident, Mr. Kirkland provoked the Appellant's use of defensive force when Mr. Kirkland aggressed the Appellant and punched him in the face multiple times while on the stairs. N.T., Waiver Trial, 11/08/21, p. 145. In response to being punched multiple times, the Appellant swung his knife and accidentally stabbed Mr. Giles in the forearm. *Id.* The [trial c]ourt found that the Appellant reasonably believed that this use of deadly force was necessary to avoid serious bodily injury and that the Appellant could not retreat from this first incident with complete safety. *Id.* at p. 196. In accordance with these findings, the Appellant was found not guilty for Mr. Giles' injuries. *Id.* at p. 195.

Witnesses testified that the Appellant yelled out "you made me hit my cousin," indicating that after the Appellant accidentally stabbed his cousin, he became enraged. *Id.* at p. 72, Line 1. After the first stabbing, Mr. Kirkland taunted the Appellant to continue the fight onto the street and vacated the property. *Id.* at p. 100. When Mr. Kirkland left the home, this provided opportunity for the Appellant to retreat from the altercation. Once Mr. Kirkland separated himself from the Appellant by exiting the house, the Appellant could no longer claim self-defense and any continued use of force was unjustified. The evidence proved, however, Appellant pursued Mr. Kirkland outside. Mr. Giles testified that Appellant seemed to be running after Mr. Kirkland around the car. *Id.* at p. 73. Mr. Kirkland also testified that he was stabbed on the street, by the car. *Id.* at p. 105. Additionally,

photo evidence corroborates the stabbing at the car. Commonwealth's Exhibit 4D. With the second incident occurring outside, the Appellant had ample opportunity to run away from any engagement with Mr. Kirkland and it therefore cannot be said that he could not retreat with complete safety.

Trial Court Opinion, 7/29/22, at 7-8.

The trial court, sitting as factfinder, was free to believe all, part, or none of the evidence. *Miller*, 172 A.3d at 640. It is not the role of this Court to reweigh the evidence. *Id.* Accordingly, Appellant's second issue does not merit relief.

Judgment of sentence affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/12/2023