516 A.2d 1222

**COMMONWEALTH of Pennsylvania**

v.

**Joseph MORETTI, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 3, 1986.

Filed Oct. 28, 1986.

Jeffrey P. Garton, Langhorne, for appellant.

Christopher J. Serpico, Assistant District Attorney, Philadelphia, for Com., appellee.

Before WICKERSHAM, OLSZEWSKI and BECK, JJ.

OLSZEWSKI, Judge:

Appellant Joseph Moretti was found guilty of, *inter alia,* two counts of homicide by motor vehicle, 75 Pa.Cons.Stat. Ann. Sec. 3732 (Purdon's Supp.1986). Appellant's post-trial motions were denied without opinion, and appellant was sentenced to a term of imprisonment. Appellant now appeals the imposition of sentence, raising three claims: (1) the evidence was insufficient to support the conviction; (2) several inflammatory photographs of the victim were admitted into evidence; and (3) trial counsel was ineffective. Finding that appellant's claims lack merit, we affirm the judgment.

Before reaching the merits of appellant's claims, we note the unusual stature of this case. Although appellant technically appeals from the imposition of sentence, the basis of this appeal is the trial court's denial of appellant's post-trial motions in arrest of judgment and for new trial. Because a ruling in appellant's favor would have affected the sentencing decision, appellant now advances the arguments made in his post-trial motions.

This anomaly arose because the trial judge, the Honorable Edmund V. Ludwig, assumed a seat on the federal bench after ruling on the motions but before an opinion in support of the decision could be written. The case was reassigned and appellant was sentenced by the Honorable Isaac S. Garb. Although proper procedures would have required that appellant now raise claims of error regarding his sentence, we will address the merits of appellant's arguments because of the unique circumstances present here. While we do not have the benefit of the reasons supporting Judge Ludwig's denial of appellant's motions, we are aided by the exhaustive statement of the case made by Judge Garb pursuant to Pa.R.Crim.P. 1925.

Appellant contends the evidence was insufficient to support the guilty verdict and the denial of the motion in arrest of judgment for the two counts of vehicular homicide. Viewing the evidence in a manner most favorable to the Commonwealth and giving the Commonwealth the benefit of all reasonable inferences, *Commonwealth v. Maldonado*, 343 Pa.Super. 154, 158, 494 A.2d 402, 404 (1985), we find the evidence presented at trial was sufficient to establish appellant's guilt on both counts.

The evidence produced at trial established that the decedent, Darryl Oliver, was struck and killed by an automobile while he was walking along the side of a busy highway. The Commonwealth's witness, Stephen Dunkleberger, testified that he and the decedent were walking about eight feet from the roadway along a grass bank. Dunkleberger also testified that traffic was heavy and that they were not hitchhiking. He stated that the decedent might have been a little behind him, but that he never saw the decedent step onto the highway. Dunkleberger did not see the car which struck the victim.

A second witness, Thomas Lenich, testified that immediately prior to the accident, he had stopped his car at a traffic light when he was almost struck by appellant's vehicle. At the time, Lenich was 100 to 150 yards from the place where the decedent was walking. Lenich recalled

that appellant's car had at least two wheels off the road when it passed him. Lenich also testified that he followed appellant's car and that it again had at least two wheels off the road. The witness recalled seeing two people walking on the shoulder of the road along the grass bank with their backs toward traffic at about the same time he saw appellant's erratic driving. Lenich testified that he turned onto a road and stopped for a traffic light. He next saw appellant's car pulled off to the side of the road near the victim. Although Lenich did not see the actual moment of impact, he stated that he had a clear view of the area just prior to impact.

Linda Zehel, a passenger in the appellant's vehicle at the time of the accident, testified that because of her short stature (4'11"), she could barely see above the car's dashboard. She recalled, however, hearing a thud at about the same time that the appellant had reached for a pack of matches located in the middle of his car's dashboard. Zehel also testified that appellant was not speeding and was not driving in an erratic manner.

Dr. Halbert Fillinger, the Commonwealth's forensic pathologist, opined that the victim was initially struck from the right side and slightly to the rear. Appellant's expert witness, Dr. Isadore Mihalakis, agreed that the impact was to the right side of the decedent.

The jury also heard testimony from two police detectives. Detective Koszarek testified that there was no physical evidence at the scene when he arrived and that the area was not carefully examined because traffic was heavy. He further stated he took a statement from appellant on the day after the accident, in which appellant stated that the victim turned to his left as if to hitchhike and struck the right-hand mirror on appellant's car. During that interview, appellant told Detective Koszarek that, after hitting the decedent, appellant stopped, backed up, briefly talked to the decedent's companion, and then drove to a nearby service station and called the police. Appellant's statement further alleged that appellant attempted to return to the

scene but, when he saw the traffic and people around the scene, he panicked and left the area. Detective Koszarek also stated that at no time during the interview with appellant did the latter mention that his view was obstructed by a truck.

Another investigator, Detective Van Sant, stated that he examined appellant's car and found damage to the right-front headlight, bumper, and windshield, but no damage to the car's right-hand mirror. Detective Van Sant also testified that particles of blue jeans were removed from the damaged area of the car and sent for comparison tests. There is nothing in the record as to the results of those tests.

Finally, appellant took the stand and stated that he and Linda Zehel were driving in the far right-hand lane and that there was a truck in front of him. Appellant further stated: "And everything happened so fast, in a split second I saw a figure turning to face me and walk into the front, like just stepped right into the side, not even the front, into the side of the car and spun and that was it. I hit the brakes ... I stopped the car ... I looked back and I said, 'we hit somebody.'" (N.T. 165). Appellant recalled that the decedent stepped onto the road as if to hitchhike and that he hit the right-hand mirror of appellant's car.

■ The Commonwealth must prove three elements in order to support a conviction of vehicular homicide: (1) defendant drove in a manner which violates the Motor Vehicle Code; (2) defendant knew or should have known that his conduct was in violation of the law; and (3) the death was a probable result of the Motor Vehicle Code violation. *Commonwealth v. Field*, 490 Pa. 519, 417 A.2d 160 (1980). We find the circumstantial evidence was sufficient to satisfy these elements and support the jury's verdict.

■ The testimony established that appellant's car was traveling with at least two tires off the road and onto the shoulder for an undetermined distance as the car neared the

location where the decedent was struck. Further testimony placed the decedent and his companion off the roadway and at least eight feet onto the shoulder of the road. Appellant's companion recalled hearing a thud at about the time appellant was reaching for a pack of matches. Further, the testimony of the expert witnesses indicating that the decedent was struck on the right side supports the Commonwealth's contention that the decedent was turning to his right at the time of impact. In our view, the evidence and the reasonable inferences taken therefrom establish that appellant had driven recklessly in violation of 75 Pa.Cons. Stat.Ann. Sec.3714, and had driven off the roadway in violation of 75 Pa.Cons.Stat.Ann. Sec. 3309.

From the testimony, it is also clear that appellant "knew or should have known" that his conduct was in violation of the law and that death was a probable consequence of his violations. We find that it was careless for appellant to permit his car to leave the roadway and to drive on an area unmarked as a roadway. Moreover, appellant's failure to observe pedestrians who were walking some eight feet from the roadway was reckless behavior. Appellant should have been aware that such driving conduct endangers the safety of pedestrians.

Although this is a close case, we leave it to the jury to evaluate appellant's credibility and to reject or reconcile discrepancies in the testimony and the evidence. Further, we note that since appellant fled the scene, the jury was free to infer a guilty conscience.

In sum, the evidence presented was sufficient to support the jury's findings of guilt on both counts of vehicular homicide. Accordingly, appellant's motions in arrest of judgment and for new trial were properly denied.

■ Appellant also argues that the trial court improperly admitted three inflammatory photographs taken of the victim during the autopsy. We do not believe the photographs are prejudicial. Rather, we find that they fairly and accurately depicted the decedent's injuries and were necessary to aid the testimony of the forensic pathologist.

Finally, appellant argues that trial counsel was ineffective for failing to object to statements made by the prosecuting attorney.[1]  In his closing argument, the assistant district attorney stated:

Now, the disputable (sic) fact is that despite whatever the outcome of your verdict is, the tragedy is, of course, we can't bring Darryl Oliver back to life.  I know that and so do you and so does his family.  But I ask you to bring to your deliberations the solemnity and the solemness that his family would expect and that the defendant would expect.

And I ask you to approach this case, to approach your deliberations as if your verdict is capable of restoring Darryl Oliver to life;  the very capability of restoring and maintaining his family's belief in our system of justice.  I ask you to approach it that way.

(N.T. 243.)

Appellant contends that the above statements were designed to prompt the jury to act out of sympathy for the victim.  We find the prosecutor's statements do not warrant the grant of a new trial.

A prosecutor's summation should be limited to the facts in evidence and all reasonable inferences derived therefrom.  *Commonwealth v. Hassine*, 340 Pa.Super. 318, 344, 490 A.2d 438, 452 (1985) (citations omitted).  The failure to object to improper statements does not render the assistance of counsel ineffective unless the effect on the jury is to fix a bias and hostility toward the defendant.  *Id.*  The duty of the reviewing court is to determine whether the prosecutor's statements so influenced the jury that they could not have reached a verdict based upon the evidence. *Id.*  Reading the first statement by the prosecutor in context, we believe counsel was reminding the jury of its solemn duty to reach a verdict based upon the evidence presented at trial—regardless of whether the verdict was favorable to the Commonwealth or to appellant.

---

1. The record indicates that appellate counsel was appointed prior to the denial of post-trial motions.

■ Counsel's request that deliberations be conducted in such a way that the verdict could bring the decedent back to life was improper. The remark, however, was extremely short and limited; the prosecutor did not "attempt to focus the jury's attention on issues not before them or to invite them to render an unreasoned verdict." *Commonwealth v. Clark*, 280 Pa.Super. 1, 11, 421 A.2d 374, 379 (1980), *aff'd*, 501 Pa. 393, 461 A.2d 794 (1983). Further, the trial court cured any possible prejudice due to this remark with the following instruction:

> So members of the jury, you're going to be going back to the jury room shortly. Approach the case from an unemotional standpoint, from the standpoint in an exercise in reason and good judgment. Disregard any feeling of sympathy or resentment toward either side or toward any witness. Look solely to the testimony and the exhibits that were received into evidence.

(N.T. 271–72.) *See Commonwealth v. Gilliard*, 300 Pa.Super. 469, 446 A.2d 951 (1982) (court's instructions cured arguably improper statement by counsel). Accordingly, we find this argument meritless.

Judgment of sentence affirmed.