2018 PA Super 173

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RHECHIID  JONES, | : | |
| | : | |
| Appellant | : | No. 1830 EDA 2017 |

Appeal from the Judgment of Sentence January 27, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007948-2015

BEFORE:   PANELLA, J., MURRAY, J., and STEVENS*, P.J.E.

OPINION BY STEVENS, P.J.E.:                                  **FILED JUNE 20, 2018**

Appellant Rhechiid Jones appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County on January 27, 2017, following his conviction by a jury on the charges of first-degree murder and firearms not to be carried without a license.[1]  After a careful review, we affirm.

Following the shooting death of Ricky Rodriguez, Appellant was arrested, and represented by counsel, he proceeded to a jury trial.  The trial court has aptly summarized the testimony presented at trial as follows:

> At trial, the Commonwealth presented the testimony of Philadelphia Police Officers Paul Buzzone, Jason Seigafuse, Francis Graf, Norman DeFields, Edward Slater, Thomas Morgan, and Brian Stark; Philadelphia Detectives Joseph Bamberski, Frank Mullen, Thorsten Lucke, John Keen, John Bartol, and Donald Marano; Philadelphia Associate Medical Examiner Dr. Daniel Brown; and

---

[1] 18 Pa.C.S.A. §§ 2502(a) and 6106(a)(1), respectively.

---

\*   Former Justice specially assigned to the Superior Court.

Samantha Schofield, Jared Craiter, Jill Davis, and Christopher Lopez. [Appellant] presented no evidence. Viewed in the light most favorable to the Commonwealth as the verdict winner, the evidence established the following.

During the early morning hours of June 14, 2015, [Appellant] and Ricky Rodriguez got into an argument over drug territory near the 1800 block of Thayer Street in Philadelphia. N.T., 1/25/17, at 86. Some hours after the initial argument, [Appellant] returned to the scene and fired multiple shots at Rodriguez. [*Id.*] at 85-86. Multiple witnesses were on the scene at the time of the shooting: Samantha Schofield and Christopher Lopez were within a few feet of Rodriguez, while Jared Craiter was approximately a half-block away. N.T., 1/24/17, at 107, 144; [N.T.,] 1/25/17, at 85.

Rodriguez was shot five times: once in the head, twice in the back, and twice in the buttocks. N.T., 1/24/17, at 83-89. Philadelphia Police Officers responded to the scene upon the report of shots fired and found Rodriguez lying face down on the ground and unresponsive. N.T., 1/24/17, at 57, 60. He was pronounced dead on the scene by the Philadelphia Fire Department Medic Unit. N.T., 1/24/17, at 94-95.

Philadelphia Police Detectives then conducted an investigation of the shooting. N.T., 1/25/17, at 136-38. During the course of the investigation, Samantha Schofield, Jared Craiter, and Christopher Lopez positively identified [Appellant] as the shooter. N.T., 1/24/17, at 126, 128-29, 179-80; [N.T.,] 1/25/17, at 106. Additionally, detectives recovered a video recording of the incident. N.T., 1/25/17, at 15-16.

Trial Court Opinion, filed 8/17/17, at 1-2.

At the conclusion of all testimony, the jury convicted Appellant of the aforementioned offenses, and on January 27, 2017, the trial court sentenced Appellant to an aggregate of life in prison.[2] On February 3, 2017, Appellant

_____

[2] At the conclusion of the sentencing hearing, the trial court specifically informed Appellant of his post-sentence and appellate rights. N.T., 1/27/17, at 9-10.

filed a timely post-sentence motion in which he set forth the following issues

(verbatim):

1. The prosecutor engaged in prosecutorial misconduct in his statements during closing argument that mentioned the impact that the decedent's death had on his family. These inflammatory statements were designed to invoke the passions of the jury.

2. The prosecutor engaged in prosecutorial misconduct in his statements during closing argument that defense counsel questioned his integrity because Defense Counsel knew that the rules prohibited the witness Jill Davis from making a [*sic*] in court identification.

3. The weight of the evidence was so lacking as to shock the conscience in that the inconsistencies in the identification testimony was vague and inconclusive.

Appellant's Post-Sentence Motion, filed 2/3/17, at 1.

On May 24, 2017, the trial court summarily denied the post-sentence motion, and this timely, counseled appeal followed. On June 12, 2017, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement.[3] On June 30, 2017, counsel filed a timely Rule 1925(b) statement on behalf of Appellant in which he presented the following issues (verbatim):

1. The prosecutor engaged in prosecutorial misconduct in his statements during closing argument that mentioned the impact

---

[3] The trial court's order complied fully with Pa.R.A.P. 1925. Specifically, the order informed Appellant that he was required to file his concise statement within twenty-one days and that he was required to file a copy and serve a copy of the statement on the trial judge. Further, the order specifically informed Appellant that any issues not contained in the Rule 1925(b) statement would be deemed to have been waived. The concise statement order was docketed, and a notation on the docket indicates that the order was served on Appellant's counsel via first class mail on June 9, 2017.

that the decedent's death had on his family. These inflammatory statements were designed to invoke the passions of the jury.

2. The prosecutor engaged in prosecutorial misconduct in his statements during closing argument that defense counsel questioned his integrity because Defense Counsel knew that the rules prohibited the witness Jill David from making a [*sic*] in court identification of [Appellant]. This was an intentional misstatement of the law of in court identification.

3. The weight of the evidence was so lacking as to shock the conscience in that the inconsistencies in the identification testimony was vague and inconclusive.

Appellant's Pa.R.A.P. 1925(b) Statement, filed 6/30/17.

On August 17, 2017, the trial court filed a responsive Pa.R.A.P. 1925(a) opinion.

On appeal, Appellant presents the following issues in his Statement of Questions Involved (verbatim):

I. Is [Appellant] entitled to an Arrest of Judgment on the charge of Murder in the First Degree where the Commonwealth did not prove beyond a reasonable doubt that [Appellant] had a specific intent to kill nor acted with premeditation?

II. Is [Appellant] entitled to a new trial on the charge of Murder in the First Degree where the weight of the evidence does not support the verdict as the weight of the evidence does not support a finding of specific intent to kill or premeditation[?]

III. Did the prosecutor engage in prosecutorial misconduct in his statements during closing argument that mentioned and referenced the impact of the decedent's death upon his family where said statements were inflammatory and designed to invoke the passions of the jury?

IV. Did the prosecutor engage in prosecutorial misconduct in his statements during closing argument when he said that defense counsel questioned his integrity because defense

counsel knew that the rules prohibited the witness, Jill David, from making an in-court identification of [Appellant] and all where same was an intentional misstatement of the law?

Appellant's Brief at 3.

In his first issue, Appellant contends the Commonwealth presented insufficient evidence to prove first-degree murder, and therefore, he was entitled to an arrest of judgment on the charge. In response, the Commonwealth contends Appellant waived the claim by failing to include it in his court-ordered Pa.R.A.P. 1925(b) statement. We agree with the Commonwealth and find Appellant's first issue to be waived. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

In his second issue, Appellant contends the jury's verdict of guilt as to first-degree murder was contrary to the weight of the evidence.[4] Specifically, in his appellate brief, he avers "[c]ertainly and without a doubt, any proper review would have revealed that the elements of premeditation and specific intent to kill were not made out[.]" Appellant's Brief at 13. In response, the Commonwealth contends Appellant waived his specific weight claim. We agree.

_____

[4] Appellant has presented no weight of the evidence claim as to his conviction for firearms not to be carried without a license.

- 5 -

In his post-sentence motion and court-ordered Rule 1925(b) statement, Appellant challenged the weight of the evidence with regard to his first-degree murder conviction. However, in both instances, he specifically averred "[t]he weight of the evidence was so lacking as to shock the conscience in that the inconsistencies in the identification testimony was vague and inconclusive." Appellant's Post-Sentence Motion, filed 2/3/17; Appellant's Pa.R.A.P. 1925(b) Statement, filed 6/30/17. However, in his appellate brief, as indicated *supra*, Appellant presents a new theory with regard to the weight of the evidence.

As an initial matter, a challenge to the weight of the evidence must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing.[5] Pa.R.Crim.P. 607(A)(1)-(3). "The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." Comment to Pa.R.Crim.P. 607. If an appellant never gives the trial court the opportunity to provide relief, then there is no discretionary act that this Court can review.[6]

---

[5] Appellant presented no weight of the evidence claim in a written motion before sentencing or orally prior to sentencing. However, as indicated, he presented a specific weight of the evidence claim in a timely post-sentence motion.

[6] In his brief, Appellant requests that, in reviewing his weight of the evidence claim, this Court "look at the evidence anew." Appellant's Brief at 13. However, Appellant's request is contrary to our well-established standard of review in weight claims. **Commonwealth v. Konias**, 136 A.3d 1014, 1022 (Pa.Super. 2016) ("When we review a weight-of-the-evidence challenge, we do not actually examine the underlying question; instead, we examine the

- 6 -

*Commonwealth v. Thompson*, 93 A.3d 478, 491 (Pa.Super. 2014). Further, as indicated *supra*, issues not presented in a court-ordered Pa.R.A.P. 1925(b) statement are deemed waived on appeal.[7] Pa.R.A.P. 1925(b)(4)(vii).

Here, Appellant has improperly raised new theories of relief for the first time on appeal, and thus, Appellant's weight of the evidence claim based upon these theories is waived. Simply put, since Appellant failed to raise his particular new weight theories before the trial court and the trial court did not, therefore, review the new theories and weigh the evidence according to it, there is no discretion for this Court to review. *See Konias*, *supra*.

In his third and fourth issues, Appellant contends the prosecutor committed prosecutorial misconduct during closing arguments to the jury.

Initially, we note that in reviewing a claim of improper prosecutorial comments, our standard of review "is whether the trial court abused its discretion." *Commonwealth v. Hall*, 549 Pa. 269, 701 A.2d 190, 198 (1997). Additionally,

> [W]ith specific reference to a claim of prosecutorial misconduct in a closing statement, it is well settled that any challenged prosecutorial comment must not be viewed in isolation, but rather

_____

trial court's exercise of discretion in resolving the challenge. This type of review is necessitated by the fact that the trial judge heard and saw the evidence presented.") (citations, quotation marks, and quotations omitted)).

[7] We note that, even if Appellant had raised the specific weight claim for the first time in his Rule 1925(b) statement, it would not have "undone" the waiver resulting from Appellant's failure to raise the specific weight claim in accordance with Pa.R.Crim.P. 607. *Commonwealth v. Ali*, 608 Pa. 71, 10 A.3d 282 (2010).

must be considered in the context in which it was offered. Our review of a prosecutor's comment and an allegation of prosecutorial misconduct requires us to evaluate whether a defendant received a fair trial, not a perfect trial. Thus, it is well settled that statements made by the prosecutor to the jury during closing argument will not form the basis for granting a new trial unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so they could not weigh the evidence objectively and render a true verdict. The appellate courts have recognized that not every unwise remark by an attorney amounts to misconduct or warrants the grant of a new trial. Additionally, like the defense, the prosecution is accorded reasonable latitude, may employ oratorical flair in arguing its version of the case to the jury, and may advance arguments supported by the evidence or use inferences that can reasonably be derived therefrom. Moreover, the prosecutor is permitted to fairly respond to points made in the defense's closing, and therefore, a proper examination of a prosecutor's comments in closing requires review of the arguments advanced by the defense in summation.

*Commonwealth v. Jaynes*, 135 A.3d 606, 615 (Pa.Super. 2016) (quotation marks, quotation, and citations omitted).

With regard to his prosecutorial misconduct claims, Appellant first alleges "[t]he prosecutor, showing no shame, went right for the sympathy card." Appellant's Brief at 13. In this vein, Appellant points to the following relevant excerpt from the prosecutor's closing argument:

> **[PROSECUTOR]:** Every one of us, every one of us, [Appellant], [defense counsel], all of us have the right to tomorrow, the chance to better ourselves. He stole those days from Ricky Rodriguez. All of them. But there is a flip side to that coin. Because tomorrow will go on, and tomorrow, Jose Alvarado, Ricky Rodriguez's friends and family, they will wake up, but they will never be right.
>
> Ladies and gentlemen, losing someone that you love cuts a hole in you that will never be filled.
>
> **[DEFENSE COUNSEL]:** Objection, Your Honor.

> **THE COURT:** Sustained.  The jury needs to focus on the evidence and not sympathy.
>
> **[PROSECUTOR]:** He stole all of those days.
>
> > **[DEFENSE COUNSEL]:**  Again, I would object, Your Honor.
> >
> > **THE COURT:** Sustained.

N.T., 1/26/17, at 54.

Appellant contends the prosecutor's statements were highly inflammatory such that a new trial is warranted.  We conclude Appellant is not entitled to relief.

As the aforementioned reveals, Appellant lodged two objections to the prosecutor's statements relating to sympathy for the decedent and his family.  The trial court sustained both objections.  Appellant requested no further relief.  Specifically he did not request a mistrial or a curative instruction.  Accordingly, as the trial court suggests in its Rule 1925(a) opinion, Appellant waived his claim that he is entitled to a new trial with regard to the excerpt from the prosecutor's closing argument set forth *supra*.  **See** Trial Court Opinion, filed 8/17/17, at 4;[8] ***Commonwealth v. Manley***, 985 A.2d 256

---

[8] In any event, even if not waived, we conclude Appellant is not entitled to a new trial on this basis.  During its charge to the jury, the trial court gave the following relevant instruction:

> As you go along, you should use the law that I give you and reach your decision as to whether the defendant is guilty or not guilty of each of the charges brought against him.  Do not, of course, base your decision on sympathy for or prejudice against the defendant or the crimes that have been charged here or the witnesses.

N.T., 1/26/17, at 58.  Accordingly, the trial court cured any possible prejudice resulting from the prosecutor's remarks so as not to require a new trial.  ***See Commonwealth v. Moretti***, 516 A.2d 1222 (Pa.Super. 1986).

(Pa.Super. 2009) (holding that where the trial court has sustained the objection, even where a defendant objects to specific conduct, the failure to request a remedy such as a mistrial or curative instruction is sufficient to constitute waiver).

Appellant next alleges the prosecutor improperly indicated defense counsel impugned the prosecutor's integrity and, then, the prosecutor improperly impugned defense counsel's integrity. Appellant contends the prosecutor's statements took the jury's focus away from the evidence. In support of his argument, Appellant points to the following relevant excerpt from the prosecutor's closing argument:

> **[PROSECUTOR]:** And I want to talk a little bit because [defense counsel] brought this up, and it actually makes me angry, because he's impugning my integrity as well as the detectives. Ms. Davis, when we spoke to her and you heard Detective Bartol say, we looked for her, we tried to show her a photo array to see if she could make an identification, and we could never find her. Remember, at that point she told you she was willing to do anything to find heroin. She was taking trains all over town, she was in a bad place. The detectives tried to find her and show her an array, and they couldn't. She came down last week, and Detective Marano told you that she said, because of the time lapse, since then, I really couldn't say that I could identify him. I couldn't. And that was the end of it. Ladies and gentlemen, I didn't ask her if she could identify him because that's against the rules, and [defense counsel] knows it.
>
> **[DEFENSE COUNSEL]:** Objection, Your Honor. I would object to that.
>
> **THE COURT:** I'm going to sustain the objection to that.
>
> **[PROSECUTOR]:** May I say it's against the rules?
>
> **[DEFENSE COUNSEL]:** No, Judge.
>
> **[PROSECUTOR]:** Then how is he allowed--

- 10 -

> **THE COURT:** Hold on. Hold on. Don't argue in front of the jury. Let me see you at sidebar.
>
> Just bear with us a moment.
>
> ---
>
> (Whereupon a discussion was held at sidebar.)

N.T., 1/26/17, at 44-45. Thereafter, the prosecutor did not argue to the jury that asking the witness to make an identification was "against the rules" and instead explained that the witness did not make the identification due to the passage of time. N.T., 1/26/17, at 46.

Appellant contends a new trial is warranted due to the prosecutor's statements in which he indicated defense counsel impugned the prosecutor's character and, then, the prosecutor improperly impugned defense counsel's character. As the trial court aptly stated, "At no time did defense counsel request a curative instruction or move for a mistrial as a result of the prosecutor's statements." Trial Court Opinion, filed 8/17/17, at 6. Accordingly, as the trial court suggests in its Rule 1925(a) opinion, Appellant waived his claim that he is entitled to a new trial with regard to the excerpt from the prosecutor's closing argument set forth *supra*.[9] ***See id.***; ***Manley***,

---

[9] In any event, even if not waived, we conclude Appellant is not entitled to a new trial on this basis. The trial court gave the following relevant instructions to the jury:

> The first and most important is that you are not bound by counsel's recollection of the evidence. . . .You're [] not bound by counsel's perspective of what the evidence in the case establishes. And you're not limited in your consideration of the evidence to the

*supra* (holding that where the trial court has sustained the objection, even where a defendant objects to specific conduct, the failure to request a remedy such as a mistrial or curative instruction is sufficient to constitute waiver).

For all of the foregoing reasons, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/20/18

---

particular evidence the lawyers decide to review with you in their closings.

\*\*\*

Certainly, don't base your decision on which attorney you think made the better speech or on which attorney you happen to like better.

N.T., 1/26/17, at 7, 58. Accordingly, the trial court cured any possible prejudice resulting from the prosecutor's remarks so as not to require a new trial. ***See Moretti***, ***supra***.