J-A21015-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEITH OWEN SMITH | : | |
| | : | |
| Appellant | : | No. 1459 EDA 2022 |

Appeal from the Judgment of Sentence Entered January 5, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000052-2020

BEFORE:  BENDER, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:               **FILED NOVEMBER 20, 2023**

Appellant Keith Owen Smith appeals from the judgment of sentence imposed following his convictions for corruption of minors, indecent assault of a person less than 13 years of age, unlawful contact with a minor, and indecent assault by forcible compulsion.[1]  Appellant challenges the sufficiency and weight of the evidence.  We affirm.

The trial court summarized the relevant factual and procedural history of this matter as follows:

> [Appellant] proceeded to a waiver trial before [the trial court] on January 5, 2022.  Complainant N.B. testified that she lived with her grandmother, [M.B.], and [M.B.'s] husband, [Appellant], in a house across the street from N.B.'s elementary school, and that [Appellant] sometimes watched N.B. alone.  On one evening when N.B. was 10 to 12 years old and home alone with [Appellant, Appellant] asked N.B. to get on top of him while both were

_____

[1] 18 Pa.C.S. §§ 6301(a)(1)(i); 3126(a)(7); 6318(a)(1), and 3126(a)(2), respectively.

clothed, and [Appellant] then moved N.B.'s hips around so that their genitals rubbed together in motions that N.B. described as "like full sexual movement, but just with clothes on." Afterward, N.B. saw [Appellant] go into the bedroom's en suite bathroom, take his clothes off, and shower. She could see a white discharge in [Appellant's] clothes on the bathroom floor. N.B. did not tell anyone what happened until she was 15 years old, when she disclosed the incident to her school guidance counselor, Tahar Sutton, then to M.B., and then to law enforcement. [The trial court] deemed N.B.'s account to be credible, and [Appellant] was convicted of corruption of minors, indecent assault of a person less than 13 years old, unlawful contact with a minor, and indecent assault by forcible compulsion.

[Appellant] was sentenced on January 5, 2022, to an aggregate sentence of 1.5 to 3 years of incarceration, followed by 5 years of reporting probation, which broke down as follows: two concurrent sentences of 1.5 to 3 years of incarceration for unlawful contact with a minor and indecent assault of a person less than 13 years old, followed by 5 years of reporting probation for corruption of minors, and no further penalty on indecent assault by forcible compulsion because it merged with the other indecent assault offense. [Appellant's] lead offense of unlawful contact with a minor carried an offense gravity score of 6, and [Appellant's] prior record score was 4, which generated a standard sentencing range of 15 months to 21 months of incarceration, plus or minus 6 months. Thus, [Appellant's] sentence is in the middle of the standard sentence range.

Trial Ct. Ltr., 1/13/23, at 1-2 (citations omitted).

Prior to sentencing, Appellant filed a motion for extraordinary relief, accompanied by a memorandum of law in support of his motion, wherein he alleged that certain evidence was not presented to the trial court during trial. *See* Appellant's Mem. of Law in Supp. of Mot. for Extraordinary Relief and Mot. for New Trial, 1/4/22. The trial court denied Appellant's motion during the sentencing hearing. *See* N.T. Sentencing Hr'g, 1/5/22, at 18. Appellant

timely filed post-sentence motions on January 18, 2022.[2]  In his post-sentence

motions, Appellant, challenged the sufficiency and weight of the evidence.  On

May 18, 2022, the trial court denied Appellant's post-sentence motions by

operation of law.

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P.

1925(b) statement.  In lieu of a Rule 1925(a) opinion,[3] the trial court issued

a letter to this Court addressing Appellant's claims.

Appellant raises the following issues, which we have reordered as

follows:

1. Was not the evidence legally insufficient to establish indecent assault of a person less than 13 years of age where the trial judge found that the evidence established that the complainant, as she testified, could have been anywhere from 10 to 13 years old at the time of the assault?

2. Did not the lower court err by improperly buttressing the complainant's testimony and abuse its discretion by not granting [Appellant's] post-sentence motion for a new trial because the verdict was against the weight of the evidence?

---

[2] The tenth day following the imposition of the judgment of sentence fell on a Saturday, January 15, 2022.  Tuesday, January 18, 2022 represented the next business day in which the courts were open, as Monday, January 17, 2022 was Martin Luther King, Jr., Day.  Accordingly, Appellant's post-sentence motions were timely filed.  *See* 1 Pa.C.S. § 1908.

[3] We note that the Honorable Kai N. Scott presided over Appellant's waiver trial and imposed the instant judgment of sentence.  While this appeal was pending, Judge Scott resigned from the Court of Common Pleas of Philadelphia County following her appointment to the United States District Court for the Eastern District of Pennsylvania.  Prior to her resignation from the Philadelphia County Court of Common Pleas, Judge Scott sent a letter to this Court addressing the claims raised in Appellant's Rule 1925(b) statement.

Appellant's Brief at 3 (some formatting altered).

## Sufficiency of the Evidence

In his first claim, Appellant challenges the sufficiency of the evidence supporting his conviction for indecent assault of a person less than thirteen years of age. *Id.* at 17. Specifically, Appellant argues that the Commonwealth failed to establish beyond a reasonable doubt that N.B. was less than thirteen years of age at the time that the indecent assault occurred. *Id.* at 17-20. In support, Appellant contends that N.B. provided uncertain testimony concerning her age at the time of the incident, which the trial court acknowledged when rendering its verdict. *Id.* at 17-18. Therefore, Appellant concludes that there was insufficient evidence to establish N.B.'s age and this Court should vacate Appellant's conviction for indecent assault. *Id.* at 20.

The Commonwealth argues that Appellant waived this issue, as he has actually raised a weight claim. Commonwealth's Brief at 7. Specifically, the Commonwealth contends that Appellant "assails the weight that the [trial court] placed on conflicting evidence of N.B.'s age." *Id.* Based on our review of the arguments of both parties, we find that Appellant has framed this issue in a manner that directs this Court to review this issue under the sufficiency of the evidence standard of review, as Appellant's credibility argument directly addresses the element of N.B.'s age that must be proven by the Commonwealth beyond a reasonable doubt.

In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

> A challenge to the sufficiency of the evidence is a question of law, subject to plenary review. When reviewing a sufficiency of the evidence claim, the appellate court must review all of the evidence and all reasonable inferences drawn therefrom in the light most favorable to the Commonwealth, as the verdict winner. Evidence will be deemed to support the verdict when it establishes each element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. The Commonwealth need not preclude every possibility of innocence or establish the defendant's guilt to a mathematical certainty. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Nellom***, 234 A.3d 695, 700 (Pa. Super. 2020) (citations omitted).

"It is axiomatic that the Commonwealth must prove each element of [the] crime [charged] beyond a reasonable doubt." ***Commonwealth v. Walzack***, 360 A.2d 914, 917 (Pa. 1976) (citations omitted). "The Commonwealth may sustain its burden by means of wholly circumstantial evidence, and we must evaluate the entire trial record and consider all evidence received against the defendant." ***Commonwealth v. Miklos***, 159 A.3d 962, 967 (Pa. Super. 2017) (citation omitted). This burden, however, does not require the Commonwealth to preclude every possibility of innocence. ***Commonwealth v. Steele***, 234 A.3d 840, 845 (Pa. Super. 2020). "Any doubt raised as to the accused's guilt is to be resolved by the factfinder." ***Commonwealth v. Akhmedov***, 216 A.3d 307, 322 (Pa. Super. 2019) (*en banc*) (citation omitted and formatting altered). It is the sole province of the factfinder to assess credibility, and the factfinder is free to believe all, some, or none of the evidence presented. ***Commonwealth v. Fortson***, 165 A.3d

- 5 -

10, 15 (Pa. Super. 2017). This Court "will not disturb the verdict unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Akhmedov*, 216 A.3d at 322 (citation omitted and formatting altered).

The Crimes Code defines indecent assault of a person less than thirteen years of age as when a "person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and[,]" the complainant is less than thirteen years of age. 18 Pa.C.S. § 3126(a)(7).

In the instant case,[4] the trial court noted the following:

N.B. did state early in her testimony that the incident with [Appellant] occurred when she was "between the age of 10 and 13." [N.T. Trial, 9/13/21,] at 15-16. However, in reviewing the record, the [trial court] has concluded that N.B. was no older than 11 years old, if the [trial court] is permitted to take judicial notice of regular school pacing, and to infer that N.B. went through school at a regular pace.[FN4] N.B. testified that she moved to her grandmother's house "in the middle of 2nd grade" when she was about 7 years old. *See id.* at 13. This was consistent with [M.B.]'s testimony that N.B. moved in when N.B. was "probably about 7." *Id.* at 50. N.B. moved to her grandmother's house because it was across the street from N.B.'s elementary school, which she attended from second grade to fifth grade. *Id.* at 14-

---

[4] In its letter to this Court, the trial court explained that it concluded that N.B. was no older than 11 years old at the time of the incident based on what the trial court referred to as "regular school pacing," which would have placed N.B. in seventh grade at the time she turned thirteen years of age. Trial Ct. Ltr. at 3 n.4.

15, 49. N.B. stated that on the day after the incident, she attended elementary school at the school across the street. *See id.* at 19. Moreover, N.B. testified that the elementary school only went up to fifth grade. *See id.* at 23. N.B. claimed that she moved out of her grandmother's house in the beginning or middle of sixth grade, *see id.* at 15, which the [trial court] calculates as the 2015 to 2016 school year. This was consistent with part of [M.B.'s] testimony, which was that the family moved from that house in 2015. *See id.* at 52. According to this math, even if N.B. incorrectly testified that she went to elementary school across the street the day after the incident, if she moved out of that house in the beginning or middle of sixth grade or in 2015, N.B. was 11 or 12 years old (her 12th birthday was on December 12, 2015). Thus, there is sufficient evidence that [Appellant] committed indecent assault against a person less than 13 years old.

> [FN4] This is not always a valid inference to make. However, in this particular case, the [trial court] found that there were enough data points to make that inference: N.B. testified that at the time of her testimony on September 13, 2021, she was 17 years old and a senior in high school, and that she was born on December 12, 2003. *See* [*id.*] at 12-13. High school seniors in Philadelphia who attend kindergarten through 12th grade at a regular pace graduate when they are 17 or 18 years old. N.B. testified that she was "in the middle of second grade" and around 7 years old when she moved into her grandmother's house, which is consistent with regular school pacing. *See id.* at 13-14. No evidence was presented that N.B. was held back in school sometime between second grade and sixth grade, and then later returned to a regularly paced school schedule. Thus, the [trial court] inferred that N.B. was ages 7 to 8 in second grade, 8 to 9 in third grade, 9 to 10 in fourth grade, 10-11 in fifth grade, 11 to 12 in sixth grade, and 12 to 13 in seventh grade.

Trial Ct. Ltr. at 3-4 (some footnotes omitted).

Following our review of the record and viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we conclude that the Commonwealth presented sufficient evidence to establish that N.B. was under

thirteen years of age at the time of the incident with Appellant. *See Nellom*, 234 A.3d at 700. As we have noted, the factfinder is free to believe all, or part, or none of the evidence presented. *See id.* Here, although the trial court expressed some uncertainty regarding the evidence presented concerning N.B.'s age at the time of the incident,[5] on this record, it was reasonable for the trial court to infer that N.B. was under 13 years old when viewing the trial evidence in the light most favorable to the Commonwealth. *See Steele*, 234 A.3d at 845; *Nellom*, 234 A.3d at 700; *Fortson*, 165 A.3d at 15; *Miklos*, 159 A.3d at 967. The trial court, as the factfinder in a bench trial, was tasked with resolving doubt as to Appellant's guilt, and we conclude that the Commonwealth's evidence was not so weak and inconclusive that, as a matter of law, no probability of fact could be drawn from the combined circumstances. *See Akhmedov*, 216 A.3d at 322. For these reasons, Appellant is not entitled to relief.

## Weight of the Evidence

In his remaining claim, Appellant contends that the trial court's verdict was against the weight of the evidence. Appellant's Brief at 12-17. Specifically, Appellant argues that N.B.'s testimony "was inconsistent in critical places, both inconsistent with itself and inconsistent with her prior testimony." *Id.* at 12. Additionally, Appellant claims that the trial court improperly

---

[5] *See* N.T. Trial at 71; *see also* Trial Ct. Ltr. at 3-4.

bolstered N.B.'s testimony "by concluding that [N.B.'s] trial testimony must have been consistent with her testimony at the preliminary hearing." *Id.*

The Commonwealth argues that Appellant waived his weight-of-the-evidence claim because he failed to raise it with sufficient specificity in his post-sentence motion pursuant to Pa.R.Crim.P. 607(A). Commonwealth's Brief at 5.

When reviewing the denial of a motion for a new trial based on weight of the evidence, we are governed by the following standard of review:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.
>
> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.

*Commonwealth v. Windslowe*, 158 A.3d 698, 712 (Pa. Super. 2017) (citations omitted). As this Court has repeatedly stated,

> The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none, or some of the evidence and to determine the credibility of the witnesses. Resolving contradictory testimony and questions of credibility are matters for the finder of fact. It is well-settled that we cannot substitute our judgment for that of the trier of fact.

* * *

- 9 -

> Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.
>
> Furthermore, in order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court.

*Commonwealth v. Spence*, 290 A.3d 301, 311 (Pa. Super. 2023) (citations omitted and formatting altered).

Before we can reach the merits of Appellant's weight-of-the-evidence claim, we must first determine whether he properly preserved the issue for our review. The Pennsylvania Rules of Criminal Procedure require that a challenge to the weight of the evidence must be presented to the trial court in the form of either an oral or written motion prior to sentencing or in a post-sentence motion. Pa.R.Crim.P. 607(A). An appellant, however, cannot raise an alternate weight of the evidence theory for the first time on appeal. *Commonwealth v. Jones*, 191 A.3d 830, 835 (Pa. Super. 2018). Any new legal theories raised for the first time on appeal are waived on appeal. *Id.*

In the instant case, the record reflects that Appellant timely filed a post-sentence motion. Therein, Appellant argued that the trial court's verdict "shocks the conscience because no credible evidence was presented, and the witnesses' testimony was vague, not subject to verification by any extrinsic

evidence." Appellant's Post-Sentence Mot., 1/18/22, at 2-3 (unpaginated).

On appeal, Appellant raises the following argument:

> [The complaining] witness was uncertain as to when the incident occurred—she could have been anywhere from 10 to 13 years of age. There was no corroborative evidence. There was no physical evidence. There was no prompt compliant witness. The testimony of N.B. was inconsistent in critical places, both inconsistent with itself and inconsistent with her prior testimony. In finding N.B. credible, the [trial] court improperly bolstered her testimony by concluding her trial testimony must have been consistent with her testimony at the preliminary hearing.
>
>              \*     \*     \*
>
> In evaluating the weight of the evidence claim, the [trial] court revealed that [its] verdict was based upon the improper bolstering of [N.B.'s] testimony. [N.B.'s] testimony was vague and uncertain. Even when the alleged assault occurred was unclear.

Appellant's Brief at 12, 16. Based on our review of the record, we find that Appellant has not raised a new legal theory on appeal, and we shall proceed to review Appellant's claim on the merits. *See Jones*, 191 A.3d at 835.

Instantly, in rejecting Appellant's weight-of-the-evidence claim, the trial court explained:

> The [trial court] emphasized that it is particularly difficult to litigate cases involving sexual offenses that involve delayed disclosures, and that there was a relatively broad time period in which this particular incident occurred. The [trial court] also noted that there were some minor inconsistencies between N.B.'s preliminary hearing testimony and her trial testimony regarding when the assault could have happened or how long it happened. However, the [trial court] concluded that because it did not hear much additional impeachment about the preliminary hearing, N.B.'s testimony was consistent overall. The [trial court] also noted that although the [trial court] did not hear what N.B. specifically disclosed to Mr. Sutton and her grandmother, there was no impeachment about the circumstances of those

disclosures, either.  Additionally, the [trial court] reasoned that N.B. did not have any motivation for fabrication or bias in this case and "did not pick up any sort of negative feeling [that N.B. even held] toward [Appellant], even though this is alleged to have happened when she was 10 or 11."  Finally, the [trial court] noted that although there was no physical evidence that the crimes occurred, a complainant's credible testimony alone is enough to convict a defendant.  Therefore, the [trial court] carefully weighed N.B.'s account and concluded that N.B. had credibly and truthfully testified that [Appellant] committed these crimes against her, and the limited impeachment through her inconsistent statements and lack of corroborative evidence did not provide reasonable doubt in this case.  This verdict was not against the weight of the evidence.

Trial Ct. Ltr. at 2-3 (citations omitted; some brackets in original).

Based on our review of the record, we discern no abuse of discretion by the trial court in denying Appellant's weight claim.  **See Windslowe**, 158 A.3d at 712.  Indeed, the trial court explicitly stated that despite some "minor inconsistencies" in N.B.'s trial testimony when compared to her testimony at the preliminary hearing, N.B. testified credibly at trial.  We note that credibility determinations are exclusively within the province of the factfinder, and we cannot substitute our judgment for the factfinder.  **See Spence**, 290 A.3d at 311.  Therefore, Appellant is not entitled to relief.  Accordingly, we affirm.

Judgment of sentence affirmed.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/20/2023

- 12 -