J-S48019-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALEX WOODY | : | |
| | : | |
| Appellant | : | No. 1541 EDA 2024 |

Appeal from the Judgment of Sentence Entered May 10, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000239-2023

BEFORE: STABILE, J., NICHOLS, J., and BENDER, P.J.E.

MEMORANDUM BY NICHOLS, J.: **FILED FEBRUARY 19, 2025**

Appellant Alex Woody appeals from the judgment of sentence imposed following his convictions for several offenses under the Uniform Firearms Act. On appeal, Appellant raises challenges to the sufficiency of the evidence, the weight of the evidence, and the discretionary aspects of his sentence. We affirm.

The trial court set forth the following factual and procedural history:

Philadelphia Police Officer Pedro Martin, of Philadelphia's 24th District, testified that on the date of Appellant's arrest, November 10, 2022, Officer Martin was monitoring Instagram from the 24th District headquarters. He saw an account called "w**********" go live (that is, the person in charge of the account initiated a live broadcast). Officer Martin had known who Appellant was for some time, had been monitoring the "w**********" account, and knew that the account belonged to Appellant, because it had posted may photos and live videos of Appellant. Officer Martin watched the broadcast. It showed Appellant in the back seat of a silver SUV, holding a black firearm with a drum magazine and displaying it to the camera. The Commonwealth introduced and published Officer

Martin's screen recording of the live video at trial to confirm that the video did, in fact, show Appellant holding a firearm.

From the background of the live video, Officer Martin could tell that Appellant was in front of an auto tag store that was two blocks away from the 24th District headquarters. Officer Martin knew that Appellant was not old enough to have a firearms permit. He also learned that there was an arrest warrant out for Appellant. He and his partner immediately drove to the location shown in the video and saw a silver Jeep Grand Cherokee idling in front of the auto tag store, in the same location as the car shown in the live video, with Appellant in the rear passenger seat wearing the same clothing that he had been wearing in the live video. Less than ten minutes passed between the time Officer Martin watched the "w**********" live video and the time that the officers arrived at the auto tag store. The officers took Appellant into custody and saw a black firearm with a drum magazine on the floorboard of Appellant's seat. The car had two other occupants, one of whom was sitting on another firearm. The officers also removed the other occupants from the car, retrieved the firearm that another occupant had been sitting on, and held the car for a search warrant.

After receiving a search warrant, the police searched the Jeep Cherokee and recovered two more firearms. One of these was a black Glock 48 with an extended drum magazine with a total of 26 rounds, which matched the appearance of the firearm Appellant was holding in the live video. This was retrieved from the floorboard of the rear passenger side seat, where Appellant had been sitting. The police swabbed the firearm and Appellant for DNA. Pursuant to stipulation, the Commonwealth introduced:

- A ballistics report, which concluded that the Glock 48 was operable;

- DNA laboratory results showing that the DNA retrieved from the Glock 48 tested conclusive for Appellant; and

- [A] secure court summary showing that Appellant was under the age of 21 at the time of his arrest and that he had a prior adjudication making him ineligible to possess a firearm under 18 Pa.C.S.[] § 6105.

Trial Ct. Op., 8/30/24, at 2-3 (citations omitted).

The Commonwealth charged Appellant with one count each of the following violations of the Uniform Firearms Act: persons not to possess firearms, carrying a firearm without a license, and carrying a firearm in public in Philadelphia.[1]  Following a bench trial, the trial court convicted Appellant of all three offenses.  The trial court imposed an aggregate sentence of three to six years' imprisonment, to be followed by three years' probation.  Appellant filed a timely motion for reconsideration of sentence, which the trial court denied on May 28, 2024.

Appellant filed a timely notice of appeal.  Both Appellant and the trial court have complied with the mandates of Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Whether the evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, was insufficient to enable the fact finder to conclude that the Commonwealth established all of the elements of the offenses beyond a reasonable doubt on all charges?

2. Whether the [trial court's] verdict was against the weight of the evidence as a matter of law to establish [Appellant's] guilt beyond a reasonable doubt on all charges?

3. Whether the sentence imposed on [Appellant] was harsh and excessive and an abuse of discretion since the lower court failed to properly consider all of the sentencing factors of 42 Pa.C.S.A. § 9721(b) or any mitigating evidence when it imposed the sentence in question?

4. Whether the [trial] court erred and abused its discretion in that it sentenced [Appellant] in the aggravated range on the conviction for Firearms Not to be Carried Without a License, in

_____

[1] 18 Pa.C.S. §§ 6105(a)(1), 6106(a)(1), and 6108, respectively.

- 3 -

violation of 18 Pa.C.S. § 6108, without considering mitigating factors and only considered the seriousness of the offense when it imposed sentence?

5. Whether the [trial] court erred and abused its discretion in that it sentenced [Appellant] in the upper end of the standard guideline range on the conviction for Persons Not to Possess, Use, Manufacture, Control, Sell or Transfer Firearms, in violation of 18 Pa.C.S. § 6108, without considering mitigating factors and only considered the seriousness of the offense when it imposed sentence?

6. Whether the [trial] court erred and abused its discretion in that it sentenced [Appellant] in the upper end of the standard guideline range on the conviction for Carrying Firearms on Public Streets or Public Property in Philadelphia, in violation of 18 Pa.C.S. § 6108, without considering mitigating factors and only considered the seriousness of the offense when it imposed sentence?

Appellant's Brief at 7-8 (some formatting altered).[2]

## **Sufficiency of the Evidence**

In his first issue, Appellant raises a challenge to the sufficiency of the evidence. ***See id.*** at 21-26. In his brief, while addressing his sufficiency challenge to his conviction of persons not to possess firearms, Appellant specifically alleges that "the Commonwealth failed to present sufficient evidence to establish that Appellant actually or constructively possessed the

_____

[2] We note that despite raising six issues for our review in his statement of questions presented, the argument section of Appellant's brief is divided into eight subsections. ***See*** Pa.R.A.P. 2119(a) (stating that "[t]he argument shall be divided into as many parts as there are questions to be argued"). We do not condone Appellant's failure to comply with the Rules of Appellate Procedure, but because the noncompliance does not impede our review, we decline to find waiver on this basis. ***See, e.g.***, ***Commonwealth v. Levy***, 83 A.3d 457, 461 n.2 (Pa. Super. 2013) (declining to find waiver on the basis of the appellant's failure to comply with the Rules of Appellate Procedure, where the errors did not impede this Court's review).

firearm." ***Id.*** at 22. Appellant then incorporates this argument by reference to his remaining two convictions. ***See id.*** at 25-26.

When reviewing a challenge to the sufficiency of the evidence, we are governed by the following standard:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim, the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.
>
> In applying the above test, we may not [re]weigh the evidence and substitute our judgment for the fact-finder.

***Commonwealth v. James***, 297 A.3d 755, 764 (Pa. Super. 2023) (citations omitted and formatting altered), *appeal denied*, 309 A.3d 691 (Pa. 2023).

Further, it is well settled that "[i]n order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." ***Commonwealth v. Garland***, 63 A.3d 339, 344 (Pa. Super. 2013) (citation omitted). "Such specificity is of particular importance in cases where . . . the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." ***Id.*** (citation omitted). Failure to identify what specific elements the Commonwealth failed

to prove at trial in a Rule 1925(b) statement renders an appellant's sufficiency of the evidence claim waived for appellate review. *Id.*

In the instant case, Appellant identified the following sufficiency-of-the-evidence issue in his Rule 1925(b) statement:

> The evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, was insufficient to enable the fact finder to conclude that the Commonwealth established all of the elements of the offenses beyond a reasonable doubt on all charges.

Appellant's Concise Statement of Matters Complained of on Appeal, 6/27/24, at ¶ 1.

However, Appellant failed to identify the element or elements for which the evidence was insufficient. *See id.* Because Appellant has failed to identify the specific elements of his sufficiency claim in his Rule 1925 statement, his sufficiency claim has not been preserved, and accordingly, the issue is waived. *See Garland*, 63 A.3d at 344. Appellant, therefore, is not entitled to relief.

**Weight of the Evidence**

In his next issue, Appellant contends that his convictions were against the weight of the evidence. Appellant's Brief at 26-28. Specifically, Appellant argues that the video played by the Commonwealth at trial does not establish with certainty that Appellant possessed a firearm. *Id.* at 28.

The Commonwealth responds that Appellant failed to preserve this issue for appellate review, as he failed to challenge the weight of the evidence in

either an oral motion on the record after trial or in a written motion for a new trial filed either before or after sentencing.  Commonwealth's Brief at 14.

When reviewing the denial of a motion for a new trial based on weight of the evidence, we are governed by the following standard of review:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court.  A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion.  Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.
>
> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court.  Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.

***Commonwealth v. Windslowe***, 158 A.3d 698, 712 (Pa. Super. 2017)

(citations omitted).  As this Court has repeatedly stated,

> The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none, or some of the evidence and to determine the credibility of the witnesses. Resolving contradictory testimony and questions of credibility are matters for the finder of fact.  It is well-settled that we cannot substitute our judgment for that of the trier of fact.
>
> *       *       *
>
> Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence.  One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of

- 7 -

the evidence and that a new trial should be granted in the interest of justice.

Furthermore, in order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court.

*Commonwealth v. Spence*, 290 A.3d 301, 311 (Pa. Super. 2023) (citations omitted and formatting altered).

Before we can reach the merits of Appellant's weight-of-the-evidence claim, we must first determine whether he properly preserved the issue for our review. The Pennsylvania Rules of Criminal Procedure require that a challenge to the weight of the evidence must be presented to the trial court in the form of either an oral or written motion prior to sentencing or in a post-sentence motion. *See* Pa.R.Crim.P. 607(A). An appellant cannot raise an alternate weight of the evidence theory for the first time on appeal. *Commonwealth v. Jones*, 191 A.3d 830, 835 (Pa. Super. 2018). Any new weight of the evidence claims raised for the first time on appeal are waived. *Id.*

The record reflects that Appellant did not raise an oral motion challenging the weight of the evidence at the conclusion of his trial or at the sentencing hearing. *See* N.T. Trial, 11/28/23, at 57-58; N.T. Sentencing, 5/10/24, at 33-35. Appellant likewise failed to include his weight-of-the-evidence claim in his post-sentence motion. *See* Appellant's Motion for Reconsideration of Sentence, 5/10/24 (discussing Appellant's mitigating

evidence).  Accordingly, Appellant has waived this issue on appeal and is not entitled to relief.  *See* Pa.R.Crim.P. 607(A).

## Discretionary Aspect of Sentence

In his final three issues, Appellant challenges the discretionary aspects of his sentence.  First, Appellant contends that the trial court imposed a harsh and excessive sentence without adequately considering the enumerated factors set forth in the Sentencing Code or any of Appellant's mitigating evidence.  Appellant's Brief at 29-30.  Appellant next argues that the trial court abused its discretion when it imposed an aggravated range sentence for his conviction of firearms not to be carried without a license without first considering Appellant's mitigating evidence, instead only focusing upon the serious nature of the offense.  *Id.* at 30-31.

The Commonwealth argues that Appellant failed to preserve the issues he raises on appeal for appellate review and that Appellant failed to raise a substantial question.  Commonwealth's Brief at 16-17.

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Derry***, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted).  Before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

- 9 -

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted). If an appellant fails to include a Rule 2119(f) statement in his or her brief and the Commonwealth objects to its omission, the challenge to the discretionary aspects of sentence is waived on appeal. *Commonwealth v. Griffin*, 149 A.3d 349, 353 (Pa. Super. 2016).

Here, Appellant filed a post-sentence motion. As noted above, however, Appellant's post-sentence motion consists exclusively of argument regarding Appellant's mitigating evidence. *See* Appellant's Motion for Reconsideration of Sentence, 5/10/24. Because Appellant did not preserve the issues of whether his sentence was excessive or that the trial court failed to adequately consider the enumerated factors set forth in the Sentencing Code, Appellant has waived this issue on appeal.[3] *See Corley*, 31 A.3d at 296; *see also Commonwealth v. Rosser*, 135 A.3d 1077, 1086 (Pa. Super. 2016) (*en banc*) (holding that an appellant cannot pursue alternative theories for relief for the first time on appeal). For these reasons, we affirm.

Judgment of sentence affirmed. Jurisdiction relinquished.

_____

[3] Additionally, Appellant failed to include a Rule 2119(f) statement in his brief, and the Commonwealth raised an objection to its omission. *See* Commonwealth's Brief at 17. Accordingly, even if Appellant had adequately preserved this issue before the trial court; we would nonetheless be constrained to find waiver. *See Griffin*, 149 A.3d at 353.

- 10 -

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: 2/19/2025