J-A02015-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
VAKIE KNIGHT :
:
Appellant : No. 409 WDA 2024

Appeal from the Judgment of Sentence Entered December 21, 2023
In the Court of Common Pleas of Butler County Criminal Division at
No(s):  CP-10-CR-0000999-2023

BEFORE:  KUNSELMAN, J., MURRAY, J., and BECK, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED: March 26, 2025**

Vakie Knight appeals from the judgment of sentence imposed after he pled guilty to possession of a controlled substance and drug paraphernalia. He challenges the discretionary aspects of his sentence.  Upon review, we affirm.

On August 24, 2023, the Butler City police responded to a domestic dispute involving Knight and his girlfriend.  When police arrived, Knight's girlfriend told them she was the only one at the apartment.  However, the officers found Knight hiding in the bathtub.  The officers searched Knight and found a sandwich bag with multiple smaller knotted plastic bags containing cocaine in one of his pockets and $1406 cash in his other pocket.  A similar plastic bag with smaller knotted bags was found in plain sight on the living room floor.  Additionally, there was an active arrest warrant for Knight.  Knight was arrested and charged.

On December 12, 2023, Knight pled guilty to the aforementioned offenses.[1]  On December 21, 2023, the trial court sentenced Knight to 12 to 36 months' incarceration for possession and 6 to 12 months' incarceration for possession of drug paraphernalia to run consecutively.  Knight filed a post-sentence motion, which the court denied.

Knight filed this timely appeal.  He and the trial court complied with Appellate Rule 1925.  Knight raises the following issue:

> I. [Whether] the trial court abused its discretion and violated the fundamental norms that underlie the sentencing process when it sentenced [Knight] to a period of incarceration of [12 to 36] months [for possession of a controlled substance] and [6 to 12] months [for possession of drug paraphernalia] because it failed to consider all required sentencing factors set forth in 42 Pa.C.S.A. §§ 9721(b) and 9725, resulting in a sentence that was manifestly unreasonable and disproportionate to the nature of the alleged crime, and not individually tailored to [Knight], requiring a new sentence hearing?

Knight's Brief at 11 (excessive capitalization omitted).

Knight's sole issue challenges the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010). This Court has explained that, to reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

---

[1] 35 P.S. §§ 780-113(a)(16) and (a)(32).  The charge for possession with intent to deliver was withdrawn.

(1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code .... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Colon*, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (quoting *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013)). Knight filed this timely appeal and included a Rule 2119(f) statement. However, our review reveals that Knight has waived this issue as he frames it on appeal.

In his concise statement, Knight claimed that the trial court erred because it imposed his sentences consecutively, which resulted in the maximum statutory sentence. His post-sentence motion also was based on the consecutive nature of his sentences.

On appeal, however, Knight claims that the trial court failed to consider the requisite sentencing factors set forth in 42 Pa.C.S.A. sections 9721(b) and 9725. In particular, Knight argues that his maximum sentence of confinement was not consistent "with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." *See* 42 Pa.C.S.A. § 9721(b). Additionally, he argues that the court did not consider whether: 1) there was undue risk that during a period of probation or partial confinement the defendant will commit another crime; 2) whether Knight was in need of

correctional treatment that can be provided most effectively by his commitment to an institution; or 3) whether a lesser sentence would depreciate the seriousness of the crime. **See** 42 Pa.C.S.A. § 9725. Therefore, he maintains his sentence was not individualized. Knight's Brief at 11, 17-20.

It is well-settled that issues not included in a court-ordered concise statement are deemed waived on appeal. **See** Pa.R.A.P. 1925(b)(4)(vii); **see also Commonwealth v. Jones,** 191 A.3d 830, 834-35 (Pa. Super. 2018) (waiving defendant's challenge to identification testimony on appeal under different theories than those previously raised in concise statement because trial court did not have opportunity to review those theories); **Commonwealth v. Ryan**, 909 A.2d 839, 845 (Pa. Super. 2006) (reiterating that "[a] theory of error different from that presented to the trial jurist is waived on appeal, even if both theories support the same basic allegation of error which gives rise to the claim for relief."); **Commonwealth v. Pi Delta Psi, Inc.**, 211 A.3d 875, 884 (Pa. Super. 2019) ("a new and different theory of relief may not be successfully advanced for the first time on appeal."). Because Knight presents a new theory on appeal, although it also supports his challenge to the discretionary aspects of his sentence, it is waived.

Additionally, Knight did not properly preserve his sentencing claim for our review.[2] "[I]ssues challenging the discretionary aspects of a sentence **must** be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Commonwealth v. Gibbs*, 981 A.2d 274, 282-83 (Pa. Super. 2009) (emphasis added; citation omitted); *see also* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Because Knight never raised the instant challenge to his sentence at sentencing or in the post-sentence motion, he failed to preserve this issue.

Even if Knight had not waived his sentencing claim and satisfied all the requirements of *Colon*, including preservation of his issue, we would conclude that the trial court did not abuse its discretion.

Here, the standard range, minimum sentence for possession of a controlled substance was 6 to 16 months' incarceration; the court's minimum sentence was 12 months' incarceration. The standard range, minimum sentence for possession of paraphernalia was restorative sanctions to 6 months' incarceration; the court's minimum sentence was 6 months'

---

[2] Knight maintains that he preserved this issue when he did not acquiesce to the Commonwealth's recommendation of state prison sentence and argued for continued county supervision. Knight's Brief at 21. Although Knight argued against the Commonwealth's request for a state sentence, Knight did not make a specific objection to the length of his sentence after the trial court imposed it. *See Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super 2010).

incarceration. Thus, both of Knight's sentences fell within the standard range. Sentences imposed within the standard range of the sentencing guidelines are presumed to be reasonable. *Commonwealth v. Ventura*, 975 A.2d 1128, 1134 (Pa. Super. 2009).

Regarding the consecutive sentences, Knight did not raise this issue on appeal as discussed above. Notwithstanding this, we note that imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court and will not be disturbed on appeal absent a manifest abuse of discretion. *Commonwealth v. Lloyd*, 878 A.2d 867, 873 (Pa. Super. 2005). Additionally, we have repeatedly stated that a defendant is not entitled to a volume discount for his crimes. *Commonwealth v. Zirkle*, 107 A.3d 127, 134 (Pa. Super. 2014).

Furthermore, our review of the record discloses that the trial court considered Knight's history, character, and rehabilitative needs as well as the other required sentencing factors. The court had Knight's pre-sentence investigation report ("PSI") and reviewed it. N.T., 12/21/23, at 7. "[W]here the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted); *see also Commonwealth v. Tirado*, 870 A.2d 362, 368 (Pa. Super. 2005) (stating if the court has the benefit of a PSI, the law expects that the court was aware of relevant information regarding

defendant's character and weighed those considerations along with any mitigating factors). Counsel also highlighted several significant factors for the trial court which included that Knight: has struggled with drugs, tested positive for cocaine when he was arrested; and did not have responsible role models growing up but is trying. N.T., 12/21/23, at 5, 7. Knight also explained to the court that he left Philadelphia to try to get away from the drugs and do better. He acknowledged that his addiction causes him to falter but is trying and intends to do better. *Id.* at 6-7. Knight, therefore, maintained that county supervision would be appropriate. *Id.* at 7.

However, the Commonwealth told the court that Knight's conduct warranted a state sentence. The Commonwealth emphasized that the PSI showed that since 2011 "Knight's entire history minus one domestic has been devoted to either drug dealing or drug possession." *Id.* at 3. At a previous sentencing, the Commonwealth warned Knight that if he incurred new drug charges, it would request a state sentence; it did not want Knight dealing drugs in Butler County. *Id.* at 3.

Based upon our review of the record, we conclude that the trial court considered the required factor's when it imposed a state sentence for Knight. The court was well informed of Knight's history, character, and condition at the time of the sentence from the PSI, defense counsel's argument, and Knight's allocution. Significantly, Knight continued to struggle with drugs even after moving to Butler County. Before sentencing Knight, the court noted that most of Knight's prior offenses were drug related and stemmed from his drug

problem. The court found that Knight had not changed his behavior and continued to commit crimes (dealing drugs to get drugs) despite prior incarcerations and parole opportunities. *Id.* at 7. The court concluded that Knight needed treatment that could be provided with a state sentence. The trial court indicated: "'there [are] programs at the state that we don't offer here in the county. Hopefully you'll benefit from them." *Id.* at 8. However, the court also made Knight eligible for RRRI (which could reduce his minimum sentence to 9 and 4.5 months for drug possession and possession of paraphernalia respectively), state drug treatment, and boot camp. *Id.*

Although, the court did not "parrot the words of the Sentencing Code, stating every factor that must be considered under Section 9721(b) [and Section 9725,] the record as a whole [reflects] due consideration by the court of the statutory considerations" at the time of sentencing. *Commonwealth v. Coulverson*, 34 A.3d 135, 145 (Pa. Super. 2011) (citations omitted). Clearly, the court's sentence reflected the Commonwealth's interest in protecting the public and Knight's rehabilitative needs which necessitated a longer state sentence, and was tailored to Knight's individual circumstances. Therefore, even if Knight preserved his sentencing claim, we would conclude that the trial court did not abuse its discretion when it sentenced him.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

3/26/2025